## McLAWS *v.* MOORE.

1. There was no error in refusing to continue a case to procure certain testimony, where no diligence to procure it was shown and no full and proper showing for continuance made.
2. Where a party has stood by and allowed a mortgage to be foreclosed for its full amount, she cannot, in a subsequent litigation, go behind the judgment and attack the original contract on account of usury .therein, but is bound by the judgment; she not alleging that there was any fraud, accident, or mistake in procuring it, or that, when it was rendered, she had no knowledge of this usury; and it does not appear on the face of the judgment that there was usury therein.
(*a*) Though where a judgment shows on its face that there was a usurious rate of interest, a homestead may be good as against it, the note, mortgage and judgment in this case all show that the rate of interest was legal.
(*b*) It was not error, under the facts in this case, to hold that it was unnecessary for the plaintiff in the mortgage *fi. fa.* to make an affidavit that the land was subject before the sheriff could sell it; the levy having been made several months before the homestead was set apart, and the mortgage, rule *nisi* and rule absolute all showing. that homestead had been waived.

. April 30, 1889.

Continuance. Judgments. *Laches.* Homestead.. Interest and usury. Levy and sale. Waiver. Before Judge LUMPKIN. Lincoln superior court. October term, 1888.

Reported in the decision.

J. E. STROTHER, by brief, for plaintiff in error.
W. M. & M. P. REESE, *contra.*

SIMMONS, Justice.

Sarah T. McLaws purchased a tract of land. In order to pay for the same she executed a mortgage on the land to J. H. Tallman for $3,500, with interest at eight per cent. In this mortgage she waived homestead and exemption. Tallman assigned the mortgage to Spencer, and Spencer had it foreclosed. A mortgage *fi. fa.*

| 83 | 177 |
| 83 | 300 |
| 83 | 343 |
| 84 | 610 |
| 83 | 177 |
| 97 | 282. |
| 83 | 177 |
| 103 | 372 |
| 83 | 177 |
| 109 | 221 |

was issued upon the judgment, and was levied upon the land. She sought to enjoin the sale, but failed. She then applied to the ordinary for, and had set apart to her, a homestead in a part of the land. On the day of the sheriff's sale, she gave him notice of her homestead upon this land. The sheriff disregarded the notice and exposed the land for sale, and it was purchased by Moore, the defendant in error. The sheriff demanded possession of the land, which was refused by Mrs. McLaws as to the part covered by the homestead. Subsequently, Moore through his agent, made affidavit under the intruder's act, and sought to have her removed as an intruder. She filed a counter-affidavit as required by law, which was returned to the superior court. At the trial term of the case she by consent amended her counter-affidavit, and set up, in substance, in her amendment, that the loan of the money to her by Tallman was infected with a large amount of usury, and that the usury entered into the mortgage and made it void, and therefore she was not bound by her waiver of homestead therein, and that not being bound by said waiver, she had applied to the ordinary and had a homestead set apart in said land, and that the purchaser at sheriff's sale had notice when he purchased that she had taken a homestead in the land, and notice of the invalidity of the mortgage by reason of its being infected with usury. She therefore claimed that her homestead was valid, and that she ought not to be ejected.

On demurrer, the court struck this amendment, and rendered judgment against her, and ordered her to be removed from the premises. She also moved during the trial to continue her case, in order to procure the testimony of Spencer; but this was refused by the court. She also complained that the sheriff sold the land after her homestead had been set apart, without an affidavit

from the plaintiff that the land was subject to levy and sale, as requ'red by law. The court held that under the facts in this case such affidavit was unnecessary. To these rulings she filed her bill of exceptions, and assigned error thereon.

1. The court did not err in refusing to continue the case. There was no diligence shown to procure the testimony of Spencer; nor was a proper and full showing made by her for a continuance.

2. Nor was there any error in striking the amendment to the original counter-affidavit. This amendment evidently sought to go behind the judgment of foreclosure, and to show that there was usury in the contract between the defendant and Tallman. This she could not do. If there was usury in the contract, she ought to have pleaded it on the trial of the foreclosure of the mortgage. After she had stood by and allowed the mortgage to be foreclosed for the full amount, she could not in a subsequent litigation go behind the judgment and attack the original contract on account of usury being therein. She is bound by that judgment. She does not allege that there was any accident, fraud or mistake in procuring the judgment, or that she had no knowledge of this usury when the judgment was rendered; nor does it appear on the face of the judgment that there was usury therein. When a party is sued in a proper court, and is properly served, it is his duty, if he has any defence to the suit, to make it before judgment is rendered against him. It is too late, after judgment goes against him, for him to attack that judgment in collateral proceeding, for causes which he knew of at the time of the judgment, and which he failed to plead. " If a party is sued at law and has a legal defence, he must avail himself of it at law pending the suit, and cannot afterwards ask for relief, unless he was prevented from so pleading his defence by fraud, acci-

dent, or the act of the adverse party, unmixed with negligence on his part." *Thomason* v. *Fannin,* 54 *Ga.* 361. See also code, §§2897, 3577 ; *Bostwick* v. *Perkins,* 1 *Kelly,* 139 ; *Perry* v. *McLendon,* 62 *Ga.* 604; *Watkins* v. *Lawton,* 69 *Ga.* 671 ; *Hightower* v. *Cravens,* 70 *Ga.* 475 ; *Wingfield* v. *Rhea,* 73 *Ga.* 477. In the case of *Cleghorn* v. *Greeson,* 77 *Ga.* 343, this court held that the homestead was good against a judgment, the judgment showing on its face that there was an usurious rate of interest. In this case the note, the mortgage and the judgment all show that the rate of interest was legal.

The court did not err, under the facts in this case, in holding that it was unnecessary for the plaintiff in the mortgage *fi. fa.* to make an affidavit that the land was subject before the sheriff could sell the same. The levy had been made several months before the homestead was set apart. And the mortgage, rule *nisi* and rule absolute show that homestead had been waived. *McDaniel* v. *Westberry,* 74 *Ga.* 380. *Judgment affirmed.*