### STEWART *v.* STISHER.

1. Homestead or exemption is not available as against a creditor not designated in the list of creditors filed with the ordinary nor notified. As against such creditor the proceedings are void.
2. After judgment upon a promissory note bearing legal enterest according to its face (no plea of *non est factum* or of usury having been filed to the action), it is not competent for the debtor or his wife to prove by extrinsic evidence, in order to avoid the effect of a waiver of homestead or exemption, that the note was altered by the creditor before suit was brought, from an usurious rate to a legal rate of interest. Such extrinsic evidence would be inconsistent with the judgment.

July 8, 1889.

Homestead. Exemptions. Debtor and creditor. Judgments. Promissory notes. Interest and usury. Evidence. Before Judge RICHARD H. CLARK. Douglas superior court. July adjourned term, 1888.

A *fi. fa.* issuing from the county court in favor of W. J. Stewart against Newton Stisher, upon a judgment rendered April 27th, 1885, was levied upon certain land, to which the wife of the defendant interposed a claim. At the trial, the plaintiff introduced in evidence, in addition to this *fi. fa.*, the original declaration in the suit upon which it was founded, together with a copy of the note sued on, acknowledgment of service and waiver of process by defendant, and a judgment rendered by default. The note is dated February 27th, 1883, promises to pay $100.00, for value received, on December 25th thereafter, waives homestead and exemption, and recites that it is to bear 8 per cent. interest from maturity. He also introduced a deed from Newton Stisher to J. W. Stewart, dated November 16th, 1881, conveying the property in question; also a deed from W. J. Stewart, executor of J. W. Stewart, to Newton Stisher, conveying the same land, dated January 15th, 1886, and reciting that it is made for the purpose of having the land levied upon for the balance of purchase money, in accordance with section 3656 of the code. S. E. Grow, a witness for the plaintiff testified, in rebuttal to evidence for claimant, that in 1881 and 1882, plaintiff and his father, J. W. Stewart, were partners in business, which was continued after the death of the latter by the former until 1883; and that the interest in the note sued on was 10 per cent. and stricken to 8 per cent. by plaintiff, but that it never was 12 per cent

The claimant introduced the proceedings instituted by her on November 24th, 1883, to obtain a homestead in the land in question; approved by the ordinary December 7th, 1883. The name of the plaintiff does not appear in the list of her husband's creditors attached to her petition. The defendant in *fi. fa.* testified that when he gave the note on which the execution was founded, 12 per cent. interest was put in it, and this

was changed to 8 per cent. after the execution of the note without his knowledge or consent; and that it was given for supplies, etc. purchased from Stewart in 1881 and 1883.

The property was found not subject. The plaintiff moved for a new trial on the following grounds:

(1–3) The verdict is contrary to law and evidence.

(4–6) The court erred in admitting the testimony of defendant in *fi. fa.* as to usury in the note, and in refusing to rule out his testimony and that of Grow on that subject; the ground of objection to this evidence being that the claimant was estopped by the plaintiff's judgment against the defendant, there being no usury on the face of the proceedings.

(5) The court erred in charging the jury as follows, to wit: "If you believe from the evidence that, although W. J. Stewart, the plaintiff in this case, was not notified in writing of the application of the claimant for a homestead, and of the time and place of hearing the same, and if his name did not appear in the list of creditors attached to said application, yet it still be a good homestead, but he would have the right to show on this trial some reason that he could have shown before the ordinary why said homestead should not have been granted"; and why it would not be good as against him.

The motion was overruled, and plaintiff excepted.

REID & GROW and R. A. MASSEY, for plaintiff.

J. S. JAMES, JOHN V. EDGE and THOMAS W. LATHAM, for defendant.

BLECKLEY, Chief Justice.

1. The land levied upon by virtue of a *fi. fa.* in favor of Stewart against Stisher, was set apart as a homestead, upon the application of Mrs. Stisher, but Stewart was not notified as a creditor, nor was his name included in the list of creditors. For this reason, the

homestead proceedings were void as to him. *Wheeler & W. Co* v. *Christopher,* 68 *Ga.* 635; *Boroughs* v. *White,* 69 *Ga.* 842. It was said in the argument that the wife of a debtor is not supposed to know all his creditors. But she must know them if she wishes to bind them. In taking homestead she represents her husband. She has only his rights, and must comply with the law just as he would have to comply with it did he make the application in person.

2. The note on which the judgment was founded from which the *fi. fa.* issued, contained a waiver of homestead and exemption. This waiver is now resisted on the ground that the debt was usurious, and the court admitted evidence to show that such was the fact; but we think that the question was closed by the judgment. No usury appears upon the face of the note or the record. *Hightower* v. *Beall,* 66 *Ga.* 102; *Owen* v. *Gibson,* 74 *Ga.* 465; *McLaws* v. *Moore,* 83 *Ga.* 177. The rate of interest expressed in the note is eight per cent., and this is not usurious. It is said that the rate originally in it was twelve per cent., and that the creditor altered it, before suit, to eight per cent.; but this position is inconsistent with the judgment. The note was declared upon as it now is, and the judgment is an adjudication that it was genuine. The debtor acknowledged service of the petition, waiving process, and if the note was not genuine, he should have defended upon a plea of *non est factum. Thompson* v. *Gowen,* 79 *Ga.* 70. The judgment is a solemn adjudication, binding upon the debtor and his privies, to the effect that the rate of interest appearing on the note at the time the judgment was rendered, was the rate which was expressed in it at the time the note bore date, or if afterwards altered, that it was with the maker's consent, the note thus becoming *pro tanto* a new contract, of which new contract the waiver was part and parcel, the same having been left standing in the instrument.                    *Judgment reversed.*