## Barfield *et al. v.* Jefferson.

| 84 | 609 |
|----|-----|
| 89 | 790 |
| 84 | 609 |
| 91 | 751 |
| 84 | 609 |
| 95 | 713 |
| 84 | 609 |
| 97 | 282 |
| 84 | 609 |
| f107 | 69 |
| 107 | 854 |
| 109 | 221 |
| 109 | 339 |
| 84 | 609 |
| 112 | 420 |
| 84 | 609 |
| 117 | 944 |
| 84 | 609 |
| 118 | 882 |
| 84 | 609 |
| 124 | 379 |
| 84 | 609 |
| 128 | 777 |

1. Where land was sold in April, 1883, and in the next December the vendor, as head of a family, applied for and had set apart to him a homestead therein, and in 1885 the vendee brought complaint for the land, which action was defended by the vendor with pleas of not guilty and usury in his deed, he represented not only his own interest in the legal title but also that of his family in the use, and the judgment rendered bound his family as well as himself.

2. Testimony of the vendor that his deed was made to secure a usurious debt to the vendee, who, when the same was paid, was to make him a quit-claim title, was inadmissible, because this issue was concluded by the judgment rendered in the former action.

March 10, 1890.

Ejectment. Evidence. *Res adjudicata.* Homesteads. Judgments. Usury. Before Judge SMITH. Chattahoochee superior court. March term, 1889.

Reported in the decision.

C. J. THORNTON, for plaintiffs.

PEABODY, BRANNON & HATCHER, for defendant.

SIMMONS, Justice.

On the 24th of April, 1883, A. J. Barfield made to Jefferson a deed conveying the premises in dispute in consideration of $421.81; and on the same day, Jefferson made to Barfield a bond for title conditioned to make quit-claim title to the land should Barfield pay his promissory note for the same amount due Jefferson December 1st, 1883. On November 10th, 1883, Barfield, as head of a family, petitioned for a homestead, and on the 3d of December thereafter, this land was set apart to him as such, he and his family being in possession. On March 2, 1885, Jefferson brought his complaint for the land, to which Barfield pleaded not guilty, and that the deed was void for usury, having been made to secure a debt upon which 15 per cent. interest was charged. The verdict and judgment were against him,

v 84-39

and he brought the case to this court, where the judgment was affirmed. After the rendition of the judgment by this court, the sheriff put Jefferson in possession of the premises; whereupon Barfield and his family, on September 2d, 1887, commenced this action to recover the land from Jefferson. Jefferson pleaded not guilty and *res adjudicata.* The verdict was in favor of Jefferson, and Barfield took two exceptions to the rulings of the court.

1. The first exception taken by the plaintiff in error is, that " the court erred in admitting the record of the suit brought by defendant against Barfield, over objection that plaintiffs were not parties to it and not bound by it." We think the court was right in admitting the record of the former suit. Barfield sold the land to Jefferson in April, 1883, and the homestead was granted to him, as head of a family, in December, 1883. In 1885, Jefferson brought his action against Barfield to recover the land, and succeeded. At the time this action was commenced, and during its pendency, if Barfield's homestead was valid, he held the land as head of his family and represented them. If the homestead was valid, the legal title was in Barfield and the use in his family, and when the ejectment was brought against him to recover the land, and he defended the same by filing his pleas, he represented not only his interest in the legal title to the land, but the interest of his family in the use thereof; and the judgment against him in that suit was, in our opinion, under the facts of this case, not only binding upon him, but binding upon his family also. His family claimed under him, and judgments bind not only parties to the suit, but all who claim under them. *Hightower* v. *Beall*, 66 *Ga.* 102. See also, where usury is sought to be pleaded after judgment when it does not appear upon the face of the record, *Stewart* v. *Stisher*, 83 *Ga.* 297; *McLaws* v. *Moore, Ib.*

177. We think, therefore, there was no error in admitting the record of the former suit in evidence.

2. If we are right in this view of the law, it follows as a necessary consequence that the trial judge did not err in ruling out the testimony of Barfield, which is made the basis of the second exception. The record of the former suit admitted, shows that Barfield made the same issue in that suit that he proposed to make in this one. In that suit he pleaded that the deed made to Jefferson was void because it was made to secure a debt which was tainted with usury. That issue was found against him by the jury in the former suit; the trial judge refused to disturb their finding, and Barfield brought the case here, where the judgment of the trial judge was affirmed, this court holding that the deed was not given to secure a debt, but was a straight out sale of the land from Barfield to Jefferson. 78 *Ga.* 220. The court below was therefore right in excluding this testimony from the jury, because the issue had already been litigated in the former suit and found against Barfield.    *Judgment affirmed.*