## EZZARD *v.* ESTES, administratrix

Where the trial of an action involving the question whether or not certain security deeds from the defendant to the plaintiff were void because of usury in the debts they had been given to secure, resulted in a judgment which necessarily adjudicated in the plaintiff's favor that these deeds were free from usury and were valid and binding upon the defendant, the latter's wife, upon whose application a homestead in the land covered by the deeds had been set apart after they were executed, was estopped from attacking the deeds on the ground of the alleged usury.

April 1, 1895. Brought forward from the last term. Code, §4271(a-c).

Levy and claim. Before GEORGE R. BROWN, judge *pro hac vice.* Forsyth superior court. February term, 1894.

G. L. BELL and H. H. PERRY, for plaintiff in error

H. L. PATTERSON, *contra.*

LUMPKIN, Justice.

The facts are somewhat complicated and the motion

for a new trial contains numerous grounds, but the case turns upon two questions only; the first being whether or not certain security deeds from Ezzard, the defendant in execution, to Estes, the plaintiff in execution, were void because of usury; and the second, whether or not the claimant, who was the wife of Ezzard, was estopped from attacking these deeds on the ground of the alleged usury.

It appears from the record, that in certain litigation between Estes and Ezzard, the question whether or not these deeds were infected with usury was directly involved and passed upon. That litigation resulted in a judgment which necessarily adjudicated in favor of Estes that the deeds were free from usury, and were valid and binding upon Ezzard. This is all that need be said as to the first question.

It further appears that after the execution of these deeds, Mrs. Ezzard applied for and had set apart a homestead in the lands which they embraced, as the property of her husband; and in the present case, she relied upon the homestead title in support of her claim, insisting that the deeds were void because of usury in the debts they were given to secure, and that for this reason the title remained in the husband even after the execution of these deeds, and consequently the homestead was good as against his creditors.

In view of the adjudication above mentioned, we think Mrs. Ezzard was estopped from attacking the deeds on the ground of the alleged usury. The cases of *Hightower* v. *Beall, Spears & Co.*, 66 *Ga.* 102, *Stewart* v. *Stisher*, 83 *Ga.* 297, and *Barfield et al.* v. *Jefferson*, 84 *Ga.* 609, are very much in point, and sustain the ruling now made.                    *Judgment affirmed.*