*D. H. Pope*, contra.

---

### JOHNSON *v.* DAVIS *et al.*

*Simmons, C. J.*—1. An admission that notes were executed and a mortgage given to secure a pre-existing usurious debt is not necessarily an admission that the notes and mortgage or any of them appeared on their face to be usurious.

2. Unless the usury appeared on the face of the papers, it was too late for the debtor, after a judgment of foreclosure, to attack as being void, because of usury in the debt secured by the mortgage, a waiver of homestead duly made therein; and therefore a homestead applied for and set part after the judgment of foreclosure was not good against such a waiver. *Cleghorn* v. *Greeson*, 77 *Ga.* 343; *McLaws* v. *Moore*, 83 *Ga.* 177; *Stewart* v. *Stisher*, 83 *Ga.* 297; *Barfield* v. *Jefferson*, 84 *Ga.* 609.

3. There being nothing in the record affirmatively showing that the plaintiff's waiver of homestead was invalid, the sheriff's sale under the mortgage *fi. fa.* was valid, and divested the plaintiff of his title to the homestead property. Accordingly he was not entitled to recover, and there was no error upon the agreed statement of facts in directing a verdict for the defendants.                    *Judgment affirmed.*

August 12, 1895.

Equitable petition. Before Judge Bower. Worth superior court. October term, 1894.

Johnson brought his petition against Davis *et al.*, the object of which was to recover possession of land. On the admitted facts the court directed a verdict for the defendants, and overruled plaintiff's motion for a new trial.

It appears, that in 1881 Johnson made notes and a mortgage to Greenfield to secure a usurious debt, with a waiver of homestead, the mortgage covering the land in dispute. Subsequently Greenfield obtained judgment on this debt, Johnson making no defence to the suit and foreclosure on which the judgment was obtained. Several years after the date of the judgment, the execution issued therefrom was levied on said land by the sheriff of Worth county, where the judgment was obtained and where Johnson lived at the time of the suit against him. He had subsequently removed to Dooly county, and about the time of the levy he applied to the ordinary of that county for the setting apart to him and his wife of a homestead in the land in Worth county. The land was regularly advertised and sold by the sheriff under said execution, on the first Tuesday in November, 1893, and defendants bought it and received the sheriff's deed therefor. The homestead was duly granted and set apart a few days after the sale. Defendants had no notice of the pending application for homestead, other than the mere fact of the proceeding itself would give by reason of its pendency, no personal notice of the proceeding having been given them. They have been in possession of the land since the sale; and no notice was given at the sale of the pendency of the application for homestead. The sheriff sold the entire fee.

*Jones & Bacon,* for plaintiff. *T. P. Perry* and *J. W. Walters,* by *Harrison & Peeples,* for defendants. •