## WILLINGHAM *et al. v.* SLADE.

1. Where land has been levied on by virtue of a mortgage fi. fa. and a claim filed by the head of a family setting up that the land is homestead property, and on the trial the land is found subject, the head of the family and the beneficiaries are bound by the judgment, unless it was obtained by fraud and collusion between the plaintiff in fi. fa. and the head of the family.
2. Where in such a suit the verdict shows an agreed stay of execution but does not show on its face that it is a consent verdict as to the liability of the land to the debt, and where there is nothing on record to show that the land was bought with the proceeds of a homestead estate, one who purchases from the vendee at such a sale, with no other notice than is given by the record of the verdict, is an innocent purchaser, although the first purchaser may have had notice that the land sold was bought with the proceeds of the homestead.
3. A ground in a motion for a new trial which alleges that the movant could have proved and did offer to prove certain facts, but which does not allege that the trial judge rejected the evidence or explain why the proof was not made, does not bring before this court for review any ruling or judgment of the trial court.
4. The evidence warranted the verdict.

Argued November 15, — Decided December 19, 1900.

Complaint for land. Before Judge Reagan. Pike superior court. May 5, 1900.

*Hammond & Cleveland*, for plaintiffs. *E. F. Dupree*, contra.

SIMMONS, C. J. It appears from the record that Willingham purchased certain property from Matthews, and secured the payment of the purchase-money by a mortgage upon a certain tract of land. Matthews foreclosed the mortgage, had an execution issued, and levied it upon the property. Willingham as the head of a family filed a claim to the land, alleging that it was not subject, because it was purchased with the proceeds of a homestead which had been theretofore set apart to him as the head of a family. Upon the trial of the

claim case the jury returned the following verdict: " We, the jury, find the property subject, and by consent of parties the execution is to be stayed until Dec. 1, 1894," etc. Upon this verdict the court issued a judgment that the execution proceed upon the terms expressed in the verdict. The terms thus imposed not having been complied with, the sheriff advertised and sold the land, Matthews, the mortgagee, becoming the purchaser. Subsequently Matthews sold to Barrett, and several years afterwards Barrett sold to Slade, the present defendant in error. In 1898, Willingham and his wife brought suit in ejectment to recover the land from Slade, claiming that it was homestead property purchased with the proceeds of a homestead set apart to Willingham as the head of a family. On the trial of this case, Willingham introduced evidence tending to show that he had, in 1872, taken a homestead in certain lands, not including that now in dispute; that in 1878 or 1879, with the proceeds of cotton raised on the homestead land, he had purchased the land now in dispute, taking title thereto in his own name; that at the time of the sale under the mortgage fi. fa., he gave notice of these facts; that Matthews and Barrett were present and heard the announcement; and that Slade had notice of the facts before purchasing from Barrett. There was no record evidence that the land in dispute was purchased with the proceeds of the original homestead, or that it was in any way subject to homestead rights. The defendant put in evidence the record of the claim case and verdict as above set out. He also introduced Barrett, who testified that he had never had notice that the land in dispute was homestead property, but that, on the contrary, Willingham had requested him to stand security for him on a note in bank, and had given him a mortgage upon this land, assuring him that it was not subject to homestead, and bringing him the homestead papers to show that this land was not included therein. Slade testified in his own behalf that he had no notice whatever of the claim that the land was subject to homestead until some time after his purchase of the land from Barrett. On this state of facts the case was submitted to the judge without the intervention of a jury, and he found in favor of the defendant. Willingham made a motion for a new trial. The motion was overruled, and he excepted.

1. We think the judge's finding was correct. When the land was levied upon under the mortgage fi. fa., and Willingham, as the

head of a family, filed a claim thereto, alleging that the land was part of the proceeds of a homestead and therefore not subject to the fi. fa., and this question was submitted to the court and jury, and the land found subject and judgment entered up accordingly, this verdict and judgment concluded Willingham, the head of the family, and also the beneficiaries. *Barfield* v. *Jefferson,* 84 *Ga.* 609; *Sparks* v. *Etheredge,* 89 *Ga.* 790; *McDuffie* v. *Irvine,* 91 *Ga.* 751; *Ezzard* v. *Estes,* 95. *Ga.* 713; *Johnson* v. *Davis,* 97 *Ga.* 282; *Wegman Piano Co.* v. *Irvine,* 107 *Ga.* 69; *Snelling* v. *Freehold Co.,* 107 *Ga.* 854; *Bank of Forsyth* v. *Gammage,* 109 *Ga.* 221.

2. Of course the case would be entirely different if there were fraud and collusion between the plaintiff and the claimant, resulting in a consent verdict finding the property subject, the plaintiff knowing that the debt was that of the head of the family as an individual, and the claimant colluding with the plaintiff to sell the homestead property to pay his individual debts. It was claimed by Willingham in the present case that the debt was his individually, and that the creditor, Matthews, knew that the property was homestead property, and also that this was known to him at the time the verdict was agreed upon. Willingham, as head of the family, claimed that the verdict was therefore void, and the judgment not binding upon the beneficiaries of the homestead estate. That part of the verdict which found the land subject did not, as we have already seen, appear to be by consent. The only consent indicated on the face of the verdict was that by which the execution was to be stayed. There was no evidence, so far as disclosed by the record, that there was in fact any consent that the land should be found subject to the fi. fa. Willingham did, as shown by the brief of evidence, make reference in his testimony to the "settlement" of the claim case, but to what he referred does not appear. He may have referred to the determination of the case or to the agreement for a stay of execution. As far as disclosed by the record the verdict was a fair and just one, based upon sufficient evidence. The public records of the county contained nothing to show that this land now in dispute was a part of a homestead estate, or that it was purchased with the proceeds of a homestead. The verdict finding the property subject was regular on its face, and its record could not have put Slade on notice that the property was subject to the homestead of Willingham. Even if Slade had been notified that the property

was subject to homestead, he could still, after the trial and judgment in the claim case, have acted on the assumption that the land was subject to the fi. fa. levied upon it. In the present case it must be taken as established by the judge's finding that neither Slade nor Barrett (from whom Slade purchased) had any notice, actual or constructive, that the land was subject to homestead. They were innocent purchasers, without notice and for value, and their title was good even though Matthews, the first purchaser and their vendor, had full notice that the land had been bought by Willingham with the proceeds of the homestead estate. Civil Code, § 3938.

3. Another ground of the motion for new trial states that the judgment should be set aside because the movant could have proved, and did offer to prove, certain facts. It fails to state that the judge made any ruling whatever in connection with this matter. So far as appears, the judge did not reject the testimony. There is, therefore, nothing for this court to decide. See *Ponder* v. *Walker*, 107 *Ga.* 753.

4. The evidence was sufficient to warrant the verdict, and the judge did not abuse his discretion in refusing a new trial.

        *Judgment affirmed. All the Justices concurring.*