## HENDRIX *v.* WEBB.

1. A judgment against the maker of a promissory note estops him from subsequently raising any question of usury in the debt, and also binds the beneficiaries of a homestead set apart upon the application of such maker.

2. That a creditor unsuccessfully contested the right of his debtor to a homestead in the property sought to be set apart does not estop him from setting up a waiver by the debtor of the benefit of a homestead, for the reason that his right to make such waiver was not passed upon in the contest over the allowance of the homestead.

Argued June 20, — Decided July 20, 1901.

Levy and claim. Before Judge Russell. Franklin superior court. December 3, 1900.

*Fermor Barrett*, for plaintiff in error.　　*C. L. Bass*, contra.

COBB, J. This was a claim case, in which the following facts appeared from the evidence: In May, 1900, H.'H. Webb brought suit against Mrs. A. L. Hendrix upon a promissory note dated November 12, 1894. This note "contained the usual homestead waiver," and its payment was secured by a deed to the property now in controversy, executed by the maker for that purpose. In this suit Mrs. Hendrix filed a plea of usury, but the plea was not sustained, and on May 8, 1900, Webb recovered judgment on the note. Thereafter he made to Mrs. Hendrix a reconveyance of the property described in her deed to him, and on May 12, 1900, execution was issued on the judgment, and levied on the land described in the two deeds mentioned. To this levy Mrs. Hendrix and Effie Viola Hendrix, on August 2, 1900, interposed a claim as beneficiaries of a homestead. It appears from the evidence that on May 31, 1900, Mrs. Hendrix filed in the court of ordinary a petition praying that the property now in dispute be set apart as a homestead and exemption for the benefit of herself and Effie Viola Hendrix, an adopted daughter. H. H. Webb and another, as creditors, filed a caveat containing the "statutory objections." On the hearing the objections were overruled, and the homestead allowed, August 1, 1900. The caveators appealed from the judgment of the ordinary, allowing the homestead, to the superior court, making therein certain amendments to their objections. The appeal was dismissed in the superior court, and the homestead allowed and approved by that court on August 6, 1900. The court directed a verdict finding the property subject. The claimants filed a motion for a new trial, which was overruled, and Mrs. Hendrix excepted.

1. One ground of the motion for a new trial complains that the court erred in rejecting evidence offered by the claimants whereby they sought to show that the note which was the foundation of the

judgment upon which the execution was based was infected with· usury. As shown above, the note contained a waiver of homestead, and there was nothing on the face of the note to indicate· that usury had been exacted. While usury in a debt will defeat a waiver of homestead made in a note which represents the debt, it is well settled that where such a note has been reduced to judgment, both the maker of the note and the beneficiaries of a home-· stead set apart after the execution of the note are estopped from setting up that the waiver of homestead was void because of usury in the debt. This proposition is fully settled by the following cases,. and further elaboration thereof is unnecessary: *Ezzard* v. *Estes,.* 95 *Ga.* 712, and cases cited; *Johnson* v. *Davis,* 97 *Ga.* 282, and cases cited; *Bank of Forsyth* v. *Gammage,* 109 *Ga.* 220, and cases cited. The present case presents a stronger reason for the rule than any of those cited; for here the maker of the note, who was one of· the claimants and one of the beneficiaries in the homestead, actually litigated unsuccessfully the question of usury in the suit on the note.

2. Further complaint is made in the motion for a new trial, that the court erred in admitting in evidence the note and deed executed. by Mrs. Hendrix to H. H. Webb, the plaintiff in execution. The ground of objection to the evidence was, that, having unsuccessfully contested the right of the claimants to a homestead and exemption in the property levied on, he "was estopped thereby." If it is sought by this objection to raise the point that, because the plaintiff in execution filed objections to the setting apart of the homestead, he is estopped from insisting on the waiver of homestead contained in the note, the objection is entirely without merit.. The plaintiff in execution was concluded by his objections from afterwards attacking the validity of the homestead, but no question as to the right of the applicant to waive the benefits of any homestead which might be set apart to her was involved, and such a waiver when made was binding upon her and all those who might· become the beneficiaries of any homestead which she should have· set apart to her. The verdict directed was the only possible legal result in the case.

*Judgment affirmed. All the Justices concurring.*