## EVANS *v.* PIEDMONT NATIONAL BUILDING AND LOAN ASSOCIATION.

1. A petition which sets up that the defendant is indebted to the plaintiff in a named sum of money, to secure the payment of which a deed to described real estate was given; that the debt has been sued to judgment, execution issued, and a levy made "in conformity to the law," whereupon a claim was filed by the wife of the defendant on the ground that she was entitled to the property in dispute, under a homestead granted to her and her minor children; that the levy was then dismissed by the plaintiff; that the homestead sought to be set up is, for reasons stated, invalid; and which prays for a decree setting aside the homestead as to the debt due to the plaintiff, and for other appropriate equitable relief, sets out a good equitable cause of action and is not subject to a general demurrer.

2. Nor is such a petition demurrable on the ground that the plaintiff has a complete and adequate remedy at law.

3. In defense to an equitable petition to set aside as invalid a homestead, and to subject to a debt land which was given as security therefor, the defendant

can not plead usury in the debt, where it appears that he is concluded as to that defense by a judgment previously rendered by a court of competent jurisdiction.

4. Real estate of more than $500 value, situated in a city, town, or village, can not be set apart as a homestead, under the Civil Code, § 2866.

Submitted March 18,—Decided April 8, 1903.

Equitable petition. Before Judge Felton. Bibb superior court. May 27, 1902.

*M. G. Bayne*, for plaintiff in error. *R. L. Anderson*, contra.

CANDLER, J. The petition of the plaintiff in the court below made substantially the following case: The defendant, A. A. Evans, is the head of a family consisting of his wife and two minor children, all of whom reside in Bibb county. The Central City Loan and Trust Company is a corporation doing business in that county. On May 13, 1896, Evans made a written application for a loan of $350 from the plaintiff, offering as security certain real estate in Bibb county, and representing in his application that the property had never been set apart as a homestead and that the aggregate value thereof was $850. Relying upon the truth of the statements in the application, the plaintiff loaned Evans the money applied for by him, taking his warranty deed to the property and his bond for the payment of certain monthly instalments as dues on stock in the association and for interest on the loan. In order to get an unincumbered title to the property, the plaintiff paid off a prior loan to the defendant of $319, from the Central City Loan and Trust Association, which was secured by a deed to the property. On September 21, 1900, the plaintiff obtained a judgment against Evans, in the city court of Macon, for $471.50 principal, besides interest, attorney's fees, and costs, representing the indebtedness secured by his deed to it, the judgment providing especially for the recovery of the said sums of money out of the proceeds of the sale of the land described in the deed mentioned. Execution issued upon this judgment and was levied upon the property "in conformity to the law," whereupon Mrs. Evans, wife of the defendant, for herself and as next friend of her two minor children, claimed the land under a homestead exemption. The plaintiff dismissed its levy and brought the present action, upon the equity side of the court, attacking the homestead upon the following grounds: (1) It purports to have been set apart by the ordinary of Bibb county under

the Code of 1882, § 2040, upon the application of Mrs. Evans as wife of the defendant, and it nowhere appears that Evans refused to have set apart as a homestead the realty sought to be exempted by his wife; (2) it nowhere appears in the exemption proceeding that the real estate sought to be exempted was such as could be exempted in such a proceeding under the laws of force at the time the exemption was sought; (3) the real estate sought to be exempted was not such as could be exempted under the law, not being property valuable chiefly for agricultural purposes, and not being city property of a greater value than $500; (4) no survey or plat of the property was attached to the homestead proceeding, and none of the requirements of law incident to such a survey were complied with. It was claimed in the petition that if the exemption was binding, it should not be allowed to prevail against the plaintiff to the exclusion of the entire indebtedness due it by Evans, because $319 of that indebtedness, besides interest and attorney's fees, was due for money advanced to Evans for the purpose of paying off, and which actually did pay off, his indebtedness to the Central City Loan and Trust Association as above set out. The prayers of the petition were, (1) that the homestead exemption be declared invalid and of no effect as to the plaintiff; (2) that the Central City Loan and Trust Association be made a party to the cause, and the plaintiff subrogated to its rights under the deed of Evans, and judgment rendered in favor of the plaintiff for the amount advanced in paying off the debt of the Central City Association, together with interest and attorney's fees, to be recovered especially out of the land; (3) that the land be sold, and the proceeds applied first to the payment of all the indebtedness of Evans to the plaintiff; (4) for general equitable relief, and for process. By amendment the plaintiff alleged, as an additional reason why the homestead was invalid, that it was set apart upon the application of the wife, out of her husband's property, without the knowledge or consent of the husband.

The defendant, in his answer, denied that the plaintiff had paid the $319 due by him to the Central City Loan and Trust Association, "but says, by his consent the said amount was paid out of the money borrowed by him." He admitted that the plaintiff had levied on the property as set out in the petition, and that his wife had filed a claim thereto, "and says that said claim case was tried and

evidence introduced in said case, and that the court . . sustained said homestead, . . whereupon the plaintiff dismissed its levy and did not except in any way as allowed by law. Wherefore defendant says that the title of said land and the contentions made in this petition have been fully adjudicated in favor of the beneficiaries in said homestead; and he prays the judgment of the court so finding." He admitted that his wife had secured a homestead upon the property, and averred that at the time of securing the loan from the plaintiff he was not advised that a homestead had been applied for, that step having been taken without his knowledge or consent. He disclaimed any interest in the homestead, though denying that it was invalid. He further averred that the debt sued on by the plaintiff was infected with usury and void. Other than as set out, the answer admitted the material allegations of the petition. The plaintiff demurred specially to so much of the answer as sought to set up the defense of res adjudicata, "because it is apparent from the facts therein stated that no judgment has been rendered which should preclude plaintiff from now insisting upon its objection to said homestead;" and to that portion in which the defendant attempted to plead usury, on the ground that a judgment had been rendered in behalf of the plaintiff against the defendant, which was binding upon him and his privies, and "even if said judgment is not binding upon the homestead estate, of which he is the quasi trustee, the defense of usury is a personal one and can not be set up by one who is not a party to the contract, or his privy." The defendant also demurred to the petition generally, and on the grounds that the plaintiff had a complete remedy at law, and that there was a misjoinder of parties, the Central City Loan and Trust Company having no interest in the litigation and not being privy to either the plaintiff or the defendant. The court overruled the demurrer of the defendant, and sustained that of the plaintiff. Certain special issues of fact were submitted to the jury, who found that the house and lot in question were located in a village; that the value of the land was $125, and that of the improvements $394, making the aggregate value of the property $519. The court thereupon rendered a decree setting aside the homestead as to the land therein described, and taxing the costs against the defendant. To the ruling on the demurrers, and to the rendition of the decree, the defendant excepted.

1. From the above statement of facts it seems to us that the judgment overruling the general demurrer to the petition was so manifestly correct as to require no discussion. The petition clearly set forth a cause of action, and therefore it was not error to so hold.

2. It was claimed that the plaintiff had a complete remedy at law, and that by a levy on the property and the trial of a claim, in the event one should be filed, the questions involved could be easily adjudicated. The showing made by the petition, we think, negatives this idea. If, however, the plaintiff had levied on the land and attempted to sell it under the levy, it would have been difficult to find a purchaser, with the homestead on it outstanding as set forth in the petition. The plaintiff would probably have been compelled to buy the land in order to realize its debt, and in the end would doubtless have found it necessary to bring just this sort of suit to get rid of the homestead and obtain a clear title to the property. Aside from all this, however, the petition does not invoke any of the extraordinary powers of a court of equity, and therefore, since the passage of the uniform procedure act of 1887 (Civil Code, §§ 4833 et seq.), it is not necessary, in order to maintain the petition, that the plaintiff should make it appear that it has no remedy at law. *DeLacy* v. *Hurst*, 83 *Ga.* 223; *Georgia Co.* v. *Etowah Co.*, 104 *Ga.* 399; *Ray* v. *Home Co.*, 106 *Ga.* 497; *Teasley* v. *Bradley*, 110 *Ga.* 505; *Brooks* v. *Stroud*, 111 *Ga.* 875.

3. We think the court below was clearly right in sustaining the demurrer to that portion of the defendant's answer which sought to set up the defense of usury in the debt due the plaintiff. It was admitted in the answer that that debt had been reduced to judgment in the city court of Macon. That court and that cause, then, were the ones in which the plea of usury should have been set up. The defendant is concluded by the judgment against him, on all questions which were or might have been made at that time. It appears, also, that in this case he is the defendant in his capacity of head of a family; and it is well settled that the beneficiaries of a homestead estate are concluded by a judgment against the head of the family, even where the homestead was set apart on the application of the wife out of the husband's property. *Zimmerman* v. *Tucker*, 64 *Ga.* 432; *Barfield* v. *Jefferson*, 84 *Ga.* 609; *Wegman Piano Co.* v. *Irvine*, 107 *Ga.* 65; *Willingham* v. *Slade*, 112 *Ga.* 420. That the defendant, as the head of a family, could

not go behind the judgment rendered in the city court of Macon for the purpose sought, is clearly settled by the decisions of this court in the cases of *Stewart* v. *Stisher*, 83 *Ga.* 297, *Ezzard* v. *Estes*, 95 *Ga.* 712, and *Hendrix* v. *Webb*, 113 *Ga.* 1030.

4. The Civil Code, § 2866, provides that real estate in a city, town, or village may be set aside as a homestead, but that it must not exceed $500 in value. The jury, passing upon the questions of fact submitted to them in this case, found that the value of the property at the time it was set aside was $519, and that the property was located in a village. In the case of *Piedmont Nat. B. & L. Assn.* v. *Bryant*, 115 *Ga.* 417, this court held, that, under the provisions of the code section referred to, the setting apart of a homestead is exceedingly informal, but that the law imposes terms and conditions without which the exemption can not be obtained. " One of these is that the head of a family can exempt land not in a city, town, or village only when the improvements thereon do not exceed $200 in value. Another is that such land can be set apart only where its chief value is derived from its adaptation to agricultural purposes. If the applicant claims an exemption on land on which the improvements exceed $200 in value, this is contrary to law. His act in having the schedule recorded would be invalid and would not bind creditors. So if he attempt to set apart land which does not derive its chief value from its adaptation to agricultural purposes and which is not situated within a city, town, or village. . . The word ' provided' in the section of the code means ' upon condition.' " What is stated in the case cited is directly applicable to the question presented in the present case. Under the finding of the jury, the property which was included in the schedule was not such as could be exempted under this section of the code, and the homestead was therefore invalid. It follows that the decree rendered by the court below was not erroneous.

We do not pass upon the question whether the plaintiff was entitled to be subrogated to the rights of the Central City Loan and Trust Association, because that contention seems to have been abandoned by the plaintiff in the court below, and was not argued in the briefs of counsel here.

<div align="center">

*Judgment affirmed.*        *By five Justices.*