## LANGSTON *v.* LANGSTON.

FISH, C. J. 1. In all cases where a defendant has been served with petition and process, he shall appear at the court to which such process is made returnable, and shall make his defense in writing. Civil Code, § 5635. This is true of each defendant. If one defendant is served personally with process in due time, but it is necessary to serve another by publication, this does not authorize the defendant who has been personally served to wait until a later term of court after the non-resident defendant has been served by publication, before pleading. If, upon the call of the appearance docket at the term to which the case is returnable, the defendant who has been regularly served with process fails to demur, plead, or answer, the case may be marked in default as to him. It is not necessary to wait until another defendant in an equitable proceeding, who is a non-resident and who must be served by publication, has been thus served, before entering a default as against the defendant who has been personally served and has failed to plead. Civil Code, § 5653.

2. Where an equitable petition has been brought against two defendants, returnable to a certain term of court, and has been duly served personally on one of them, and an order is taken for service by publication on the other, who appears to be a non-resident of the State, the statute

provides that the published notice shall contain the name of the parties plaintiff and defendant, with a caption setting forth the court and term and character of the action, and a notice directed and addressed to the party to be served, including the requirement that the non-resident defendant shall appear at the next term of the court after the publication is made. Civil Code, § 5556. It is not necessary to the validity of such a publication and subsequent order declaring service to have been perfected that the court should by formal order amend the process as to the non-resident defendant, or order new process to be attached, returnable to a later term of court.

3. In cases where service by publication is ordered, it is made the duty of the judge trying the case, "before the trial thereof," to determine whether such service has been properly perfected, and to write an order to that effect upon the petition in the case, as showing service thereof, which order is also required to be entered on the minutes. Civil Code, § 5558. · After an order has been taken requiring service by publication, and after the proper time for the making of such publication has elapsed and the clerk has made the proper entry in regard to mailing a copy of the publication to the non-resident defendant, and an order has been taken declaring that the service has been properly perfected, it can not be disregarded and treated as a mere nullity on a motion to dismiss, the case on the ground that the original process remained returnable to the term to which the suit was brought, and that the service by publication was invalid. · ·

(a) The law does not provide that the term following the next after the granting of the order declaring that the service on a non-resident defendant has been perfected by publication shall be the return term as to such defendant. It provides the manner of service, and requires that "before the trial" the presiding judge shall determine whether it has been properly made, and enter an order. accordingly; but this does not delay the trial, if the necessary time has already elapsed for the service upon such non-resident defendant and for pleading by him.

4. Civil Code § 6149, par. 1, provides a method of bringing to this court, by a defendant in a main or cross-bill of exceptions, of evidence or other part of the record, where such evidence forms a part of the record; and where the evidence is brought up in the bill of exceptions, and no brief of evidence is made a part of the record, provision is made, if any material evidence is omitted from the bill of exceptions, for the bringing up of such additional evidence by supplemental certificate. But there is no law which authorizes a judge, after verifying, in his certificate to a bill of exceptions, a certain statement of facts within his knowledge, to certify (by means of an additional certificate at the instance of the adverse party) that such statement of facts, or some part thereof, is not true. If this could be done once, it might be done a number of times in the same case, first in favor of one party and then in favor of another. If the judge could be successively convinced of errors in former certificates, this court would have no means of determining what were the facts thus controlled by his certificate. *Woolf* v. *State*, 104 *Ga.* 536 (30 S. E. 796); *Jackson* v. *Georgia So. & Fla. Ry. Co.*, 132 *Ga.* 127, 134 (63 S. E. 841); *Maloy* v. *Maloy*, 134 *Ga.* 432, 439 (68 S. E. 80).

(*a*) It is the duty of the judge of the superior court to examine the bill of exceptions and ascertain that it is true as to matters the truth of which he must certify, before signing a certificate thereto.

(*b*) This court can not regard a supplementary certificate signed by the judge of the superior court, which states in effect that some of the statements in the original bill of exceptions are not true.

(*c*) Entries on the docket do not form parts of a record in a case which can be brought to this court as records, without being introduced in evidence or being set forth in the bill of exceptions.

5. An equitable petition to obtain a decree for the cancellation of a deed, and for a declaration of title in the plaintiff, was filed June 14, 1911, returnable to the July term of court, which convened on the second Monday in July. It was served personally on the grantee in the deed sought to be canceled, who was a resident, on June 16. An entry of non est inventus as to the other defendant was made on June 21, and on the same day an order for service by publication on such defendant was taken, reciting that it appeared that such defendant was a non-resident of the State, and requiring that service be perfected by publication twice a month for two months in the paper in which the sheriff's advertisements were published. No pleading was filed by either defendant, and an entry of default was made on the docket. The exact time when this was done is not stated in the bill of exceptions. But it may be inferred that it was at the term to which the case was returnable. On May 2, 1912, an order was taken declaring that service had been perfected by publication on the non-resident defendant. At the July term, 1912, the case came on for trial. No pleadings had been filed by either defendant. At the time set for trial the resident defendant called attention to the entry of default, offered to file an answer and pay the cost accrued in the case, and announced ready for trial. No application to open the default was made or reason therefor shown, it being contended that the entry was illegal. This motion was overruled, and the case was passed to a later term, when it was held to be in default, and a verdict was directed in accordance with the allegations of the petition. The non-resident defendant did not appear or plead, or object to the verdict. *Held,* that there was no error in holding the case to be in default, in overruling the motion of the resident to be allowed to file a plea or motion to dismiss the case, or in directing a verdict. Such rulings furnish no cause for reversal on exceptions of the resident defendant, who alone is the plaintiff in error.

*Judgment affirmed. All the Justices concur.*
*May 15, 1914.*

Equitable petition. Before Judge Maddox. Floyd superior court. January 20, 1913.

*M. B. Eubanks,* for plaintiff in error.
*C. I. Carey* and *W. J. Nunnally,* contra.