## DeLAY v. LATIMER.

1. Where an equitable suit was brought by the holder of a mortgage against the mortgagor on May 3, 1919, returnable to the July term, 1919, of Fulton superior court, to foreclose said mortgage, on which day an order was taken to perfect service by publication on the mortgagor, who was a non-resident of the State, and where such publication was thereafter duly made in terms of the law, and where on July 8, 1919, the clerk mailed a copy of the newspaper in which was published the notice requiring such defendant to appear and answer the suit, on which latter date the judge passed an order declaring that service had been perfected on the defendant in accordance with the provisions of our statute on that subject, and where at the fifth term after the passing of said order the case was tried, when a verdict and judgment were rendered foreclosing the mortgage, such judgment was not void for lack of proper service on the defendant, although the latter did not appear and plead; and the court did not err in overruling the motion of the claimant to dismiss the levy of the execution issued on such judgment, because the latter was void for lack of proper service.

2. Where service by publication is made upon a non-resident defendant in a suit to foreclose a mortgage, under an order of the court, the later order adjudging service by publication perfected can be taken at any stage of the proceeding, after the proper time for the making

of such publication has elapsed, and after the clerk has made the proper entry in regard to the non-resident defendant, where the residence of the latter became known after the suit was filed; and the court did not err in refusing to dismiss the levy on the ground that the later order was not taken at the trial term and by the judge who finally tried the case.

3. The court did not err in refusing to dismiss the levy of the execution on the ground that the remedy of the holder of the mortgage to foreclose the same was by the statutory proceeding for the foreclosure of mortgages, and not by petition in equity; the holder of such mortgage having the option to pursue either remedy, and especially the latter remedy, where any special facts for equitable relief were alleged.

4. While usury in a debt will defeat a waiver of homestead made in a note which represents the debt, it is well settled that where such notes have been reduced to judgment, both the maker thereof and the beneficiaries of a homestead set apart after the execution of the notes are estopped from setting up that the waiver of homestead was void because of usury in the debt; and this principle is applicable to judgments based upon foreclosure of mortgages. So the court did not err in rejecting evidence to show usury in the debt evidenced by such notes, after judgment foreclosing the mortgage by which they were secured.

5. The court did not err in directing a verdict for the plaintiff under the pleadings and evidence.

No. 3424. April 12, 1923.

Claim. Before Judge Ellis. Fulton superior court. June 26, 1922.

A mortgage fi. fa. in favor of W. Carroll Latimer against J. M. DeLay, based upon the foreclosure of a mortgage in Fulton superior court, was levied upon a tract of land described therein. Laura V. DeLay interposed a claim to said land. On the trial the claimant moved to dismiss the levy. This motion was based upon the record in the proceeding to foreclose the mortgage. The grounds of the motion were: (1) that the defendant was not a resident of the State of Georgia at the time the foreclosure suit was brought, and was not served in said suit as required by law; (2) that the order adjudging service to have been perfected was not taken at the time and signed by the judge at the time required by the statute; (3) that the suit was commenced by petition and process, whereas, the same being a proceeding to foreclose a mortgage, there being no grounds for equitable interference or prayer for equitable relief, said case could only be brought by common-law process on rule nisi. The court overruled this motion to dismiss the levy, and error is assigned. The following facts

appear from the record in the case in which the judgment of fore-closure was obtained on which the execution levied was issued:

The foreclosure suit was brought against Laura V. DeLay, and J. M. DeLay, in Fulton superior court. It was alleged that Laura V. DeLay was a resident of Fulton County, and that the where-abouts of J. M. DeLay were unknown. On Nov. 15, 1899, J. M. DeLay executed and delivered a mortgage to the Equitable Loan & Security Co., to secure certain notes upon a described tract of land. In August, 1900, Laura V. DeLay, the wife of J. M. De-Lay, had a homestead set apart in said land for the use of her-self and minor children. In the application for homestead she alleged that her husband refused to apply for the same, and that as head of the family, consisting of herself and minor children, she applied for said homestead. All of said minor children were of age at the time said foreclosure suit was filed. On May 2, 1904, J. M. DeLay and Laura V. DeLay applied to the superior court of Fulton County for a sale of said homestead and its re-investment in other property. To this proceeding the Equitable Loan & Security Co. was a party, and agreed that the lien of its mortgage on the homestead property could be divested and be made, by order of said court, a lien on the newly acquired prop-erty. The order was granted authorizing the sale, divesting the lien on the homestead property, and making the mortgage a lien on the property to be acquired. The homestead property was sold and the proceeds reinvested, under said order, in the property now claimed. The petition in the foreclosure suit further alleged that W. Carroll Latimer was the owner of all the assets of the Equitable Loan & Security Co., he having purchased the mortgage and notes of J. M. DeLay, indorsed by that company, and that they were then his property; that said indebtedness and mortgage were created before the homestead was set apart; that J. M. De-Lay had waived all homestead and exemption as to said debt; that Laura M. DeLay was then living upon the homestead property, which was in bad repair; and that she was unable to make re-pairs. Petitioner prayed, for judgment against defendant for said debt, with interest and cost: that the mortgage be declared a lien upon the substitutied land, and be foreclosed and the equity of redemption of DeLay therein be forever barred; that the land be sold to pay this indebtedness; and for process. This suit was re-

turnable to the July term, 1919, of Fulton superior court. Mrs. DeLay was served with a copy of the petition and process on May 6, 1919. On May 3, 1919, an order was passed reciting that J. M. DeLay was not to be found in Fulton County, and resided out of the State of Georgia; and directing that he be served by publication twice a month for two months in the newspaper in which the sheriff's advertisements were printed. On July 8, 1919, an order was passed by the presiding judge, reciting " that the provisions of the law and of the orders of this court have been complied with with respect to service upon the defendant, J. M. DeLay, that notice has been published as required by law and by the orders of this court," and decreeing that service had been perfected upon said defendant, and that the case was returnable to the July term, 1919.

On the petition in the foreclosure suit was the certificate of T. C. Miller, deputy clerk, dated July 8, 1919, certifying that he had that day mailed a copy of the *Fulton County Daily Report,* containing a marked notice of the within suit, properly stamped and addressed to the defendant, J. M. DeLay, at Charleston, S. C. The foreclosure suit came on for trial on May 19, 1920, when, on motion of the plaintiff, Laura V. DeLay was stricken as a de- fendant and said case as to her was dismissed. To this judgment she excepted and brought the case to this court, where the judgment of the lower court was affirmed. *DeLay* v. *Latimer,* 151 *Ga.* 367 (106 S. E. 901). After Laura V. DeLay was stricken as a party the case proceeded to trial, and a verdict was rendered in favor of the plaintiff against J. M. DeLay, for $802.95 principal, and $1156.24 interest to date, " and that said several sums constitute a lien upon the property purchased with the proceeds of the property embraced in the homestead." The verdict further found " that the lien of said mortgage had been divested from the property embraced therein and transferred to the property in which the proceeds of the homestead had been invested, and that said sums of principal and interest . . are declared a special lien upon said property." Judgment on this verdict was rendered on May 19, 1920.

On the trial of the claim case the facts above recited appeared in evidence. Plaintiff also introduced in evidence a deed from the Equitable Loan & Security Co., dated Jan. 29, 1914, conveying to W.

Carroll Latimer, for a consideration of $100, all of its property, both real and personal. It was admitted that J. M. DeLay neither appeared nor made any defense to the suit to foreclose the mortgage. John S. Owens, for claimant, testified that he was secretary of the Equitable Loan & Security Co., and made the loan to J. M. DeLay to secure which the mortgage was given. He was then asked what was the rate of interest charged on the loan. On objection the court excluded the answer. Counsel for the claimant stated that the witness would swear that 12 per cent. per annum was charged as interest in the face of the notes. The court then directed a verdict finding the property levied upon subject to the execution. " This ruling is assigned as error, plaintiff contending that said proof, if allowed, would have voided the waiver of homestead contained in said mortgage and notes. Said direction of a verdict was an error for the reason hereinbefore set out, and that said court obtained no jurisdiction over the subject-matter of said foreclosure, and that said J. M. DeLay did not have legal service in said case."

*R. O. Lovett* and *J. E. Garst,* for plaintiff in error.

*Albert E. Mayer,* contra.

HINES, J. (After stating the foregoing facts.)

1. The claimant moved to dismiss the levy, on the ground that the judgment upon which the execution issued was void for lack of service upon the defendant against whom it was rendered. The suit in which the mortgage was foreclosed was one by petition and process. This suit was returnable to the July term, 1919, of Fulton superior court. Under an order passed May 3, 1919, service on the mortgagor defendant was made by publication twice for two months in the newspaper in which the sheriff's advertisements were printed. On July 8, 1919, an order was taken, reciting that the provisions of law and the order of the court with respect to service on the mortgagor had been complied with, and decreeing that service had been perfected upon said defendant. On the latter date the clerk made an entry upon the petition, in which he certified that he had that day mailed a copy of the newspaper in which the notice to perfect service was published, with said notice plainly marked, to said defendant at Charleston, S. C. The foreclosure suit was tried on May 19, 1920, during the May term, 1920, of Fulton superior court, when a verdict was

returned in favor of the plaintiff against the defendant for the principal and interest due on said mortgage. The verdict declared that said sums of principal and interest were a special lien upon the property upon which the mortgage was foreclosed. Judgment was rendered in favor of the plaintiff upon the verdict.

Was the service upon the defendant mortgagor sufficient? .Service on the defendant was in substantial compliance with the provisions of our law for service by publication. Civil Code (1910), §§ 5556, 5557, 5558. The point seems to be made that the plaintiff did not " file in the office of the clerk, at least thirty days before the term next after the order for publication, a copy of the newspaper in which " the notice to perfect service was published, as required by section 5557 of the Civil Code. This is only required where the residence of the non-resident party is known, and it was alleged in the petition that his residence was unknown to the plaintiff. It does not appear, and is not alleged, that the plaintiff knew of the residence of the non-resident defendant prior to the term next after the order for the publication of service was taken. It does appear from the certificate of the clerk that a copy of the newspaper containing the published notice to the defendant of the pendency of the suit was mailed to him at Charleston, S. C., on July 8, 1919, which was the second day of the term next after the order for publication of service. It is to be presumed that the residence of the defendant then became known to the plaintiff, and that this resulted in the mailing of said notice to him. It will further be presumed, in favor of the validity of the order of the court declaring service perfected, that this order was taken after said notice had been mailed to the defendant." After the proper time for the making of such publication has elapsed, and the clerk has made the proper entry in regard to mailing a copy of the publication to the non-resident defendant, and an order has been taken declaring that the service has been properly perfected, it can not be disregarded and treated as a mere nullity on a motion to dismiss " the levy of the execution issued on the foreclosure judgment. It is not necessary for the court by formal order to direct the amendment of the process as to the non-resident defendant, or to order new process to be attached, returnable to a later term of the court. *Langston* v. *Langston,* 141 *Ga.* 675 (82 S. E. 36) ; *Schulze* v. *Schulze,* 149 *Ga.* 532

(101 S. E. 183). So service by publication and by mailing of the required notice was good. The judgment of foreclosure was not void for lack of service, especially as it was not rendered until the fifth term after the notice of the pendency of the suit was mailed to the defendant. It follows that the court did not err in overruling the motion to dismiss the levy on the ground that the judgment was void for lack of valid service.

2. Claimant also moved to dismiss the levy because the order adjudging service by publication perfected was not taken and signed by the judge at the time required by the statute. This order can be taken at any stage of the proceeding, "after the proper time for the making of such publication has elapsed, and the clerk has made the proper entry in regard to mailing a copy of the publication to the non-resident defendant," in cases where the latter requirement is necessary. *Langston* v. *Langston,* supra. So the court did not err in refusing to dismiss the levy on this ground.

3. One of the grounds of the claimant's motion to dismiss the levy was that the foreclosure suit was commenced by petition and process in which petition no grounds for equitable relief were alleged, and that for this reason the mortgage should have been foreclosed under our statutory provision for mortgage foreclosure. The contention is that the statutory proceeding for the foreclosure of mortgages furnishes a full and complete remedy; and that thus equity is ousted of its jurisdiction in this matter, unless a special case is made by the bill. *Osborn* v. *Ordinary,* 17 *Ga.* 123 (63 Am. D. 230). This case was decided before the act of 1880, now embodied in the Civil Code (1910), § 3305, which declares that "the holder of any mortgage . . shall be at liberty to foreclose such mortgage in equity according to the practice of courts in equitable proceedings, as well as by the methods prescribed in the Code." Formerly the process of foreclosure of a mortgage in England was by bill in chancery. *Bailey* v. *Lumpkin,* 1 *Ga.* 392; *Mahone* v. *Elliott,* 141 *Ga.* 214 (80 S. E. 713). This was a well-defined branch of equity jurisprudence. It was taken from our superior courts by the adoption of the statutory method of foreclosing mortgages in cases where no special equitable relief was prayed. The effect of the act of 1880 was to open the door of equity again to parties wishing to foreclose mortgages. The

holders of mortgages may now resort to equity for their fore-closure, without alleging any special grounds of equitable inter-ference. However, in the present case special reasons were set up for resort to equity. The plaintiff prayed for a personal judg-ment against the mortgagor. *Clay* v. *Banks*, 71 *Ga.* 363. It may be that this fact would not furnish any special ground for equi-table relief in a case where the plaintiff alleged that the mortgagor was a non-resident on whom personal service could not be effected, for which reason no personal judgment could be rendered against him. But it was further alleged that the property embraced in the mortgage had afterwards been set apart as a homestead for the benefit of the mortgagor's family, that on proper proceeding to which the mortgagee was a party the judge of the superior court had ordered a sale of the mortgaged property and the lien of the mortgage to be divested and fastened on the land in which the pro-ceeds of the mortgaged property were invested under said order for sale; and plaintiff prayed for the foreclosure of the mortgage on the substituted property. This made a special ground for the grant of equitable relief. For these reasons the court did not err in overruling the motion to dismiss the levy on this ground.

4. The claimant offered evidence to show that the notes, con-taining waivers of homestead and secured by this mortgage, were tainted with usury. The purpose of this evidence was to show that the waivers of homestead were void, and that the homestead was good against the mortgage, notwithstanding such waivers. The court did not err in rejecting this proof. It is true that a waiver of homestead embraced in promissory notes made prior to the act of 1916, and infected with usury, is void. *Cleghorn* v. *Greeson*, 77 *Ga.* 343; *Prather* v. *Smith*, 101 *Ga.* 283 (28 S. E. 857); *Long* v. *Gresham*, 148 *Ga.* 170 (96 S. E. 211). While usury in a debt will defeat a waiver of homestead made in a note which rep-resents the debt, it is well settled that where such a note has been reduced to judgment, both the maker of the note and the beneficiaries of a homestead set apart after the execution of the note are estopped from setting up that the waiver of the home-stead was void because of usury in the debt. *Hightower* v. *Beall*, 66 *Ga.* 102; *Stewart* v. *Stisher*, 83 *Ga.* 297 (9 S. E. 1041); *Mc-Laws* v. *Moore*, 83 *Ga.* 177 (9 S. E. 615); *Ezzard* v. *Estes*, 95 *Ga.* 712 (22 S. E. 713); *Johnson* v. *Davis*, 97 *Ga.* 282 (22 S. E.

911); *Hendrix* v. *Webb,* 113 *Ga.* 1028 (39 S. E. 461). This is true when the homestead was set apart on the application of the wife out of the husband's property. *Evans* v. *Piedmont &c. Asso.,* 117 *Ga.* 940 (44 S. E. 2). It is equally applicable to judgments based upon foreclosure of mortgages. *Bank of Forsyth* v. *Gammage,* 109 *Ga.* 220 (34 S. E. 307). In *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482 (75 S. E. 640), a waiver of homestead was embraced in a firm note given by its manager. If anything therein ruled was contrary to what is held in this opinion, such ruling must yield to the older decisions upon this subject. Counsel for the claimant relies upon the case of *Cleghorn* v. *Greeson,* supra, but in that case the judgment showed usury upon its face, *McLaws* v. *Moore,* supra. The decisions holding that the foreclosure of a mortgage to which a subsequent purchaser is not a party does not estop the latter from going behind the judgment of foreclosure and setting up certain defenses (*Howard* v. *Gresham,* 27 *Ga.* 347; *Williams* v. *Terrell,* 54 *Ga.* 462; *Morris* v. *Winkles,* 88 *Ga.* 717, 15 S. E. 747; *Osborne* v. *Rice,* 107 *Ga.* 281, 33 S. E. 54; *Hinesley* v. *Stewart,* 139 *Ga.* 7, 76 S. E. 385; *Roberts* v. *Atlanta Cemetery Asso.,* 146 *Ga.* 490, 91 S. E. 675) are not applicable to the facts of this case. So we are of the opinion that the court did not err in rejecting such evidence, and in directing a verdict against the claimant.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

Hill, J., concurs in the result.