TUCKER *vs.* ZIMMERMAN *et al.*

Where a creditor claims, not under, but in opposition to, a deed of trust made by his debtor, and seeks to set the same aside on the ground that it is, as to him, fraudulent and void, he is at liberty to proceed against the fraudulent trustee who is the holder of the legal estate in the property, without joining the *cestui que trust.* 3 Paige, 379; Pomeroy on Remedies, §357. A decree setting aside the deed, or charging the property with the creditor's demand, will, if fairly and honestly obtained, conclude the *cestui que trust* as being represented by the trustee, but it is subject to be impeached for fraud or collusion. 4 Barbour, 232.

Trusts. Parties. Decree. Before Judge CLARK. Fulton Superior Court. April Term, 1878.

On April 30th, 1869, Tucker filed his bill against Plumb, as trustee for Mrs. Zimmerman and her son, George, and Zimmerman & Verdery, in which he alleged, in substance, as follows:

In 1866 Zimmerman & Verdery became indebted to him for money loaned, between $5,000.00 and $6,000.00. When the loan was made, Zimmerman owned a house and lot in the city of Atlanta, which he subsequently conveyed (November, 1867,) to Plumb as trustee as aforesaid. This property was of the value of $12,000.00. The trust was

to continue until George became of age, and the considera-tion of the deed was love and affection. Zimmerman was at the time of the execution of said conveyance, insolvent, and has since so continued. Hence it was fraudulent and void. Subsequently Zimmerman & Verdery became bank-rupts. Complainant has no other means of collecting his debt except out of this property. Prayer that it be made subject.

On June 9th a verdict was returned in accordance with the prayer of the bill, and a decree entered subjecting this property. On April 1st, 1876, the execution based on the decree was levied on the property in controversy, and a claim was filed by the *cestui que trusts*, George having then become of age.

Upon the trial of the issue thus formed, the chancellor held that as the *cestui que trusts* were not parties to the bill above reported, they were not bound by the decree, and the validity of their title under the trust deed was an open question ; that the failure to make them formal parties could not be remedied by parol proof that Mrs. Zimmer-man assisted in the defense of the bill, employed counsel, and finally consented to the decree which was rendered, more especially as Mrs. Z. was, and still is, a married woman.

This ruling necessitated a dismissal of the levy, and plain-tiff in *fi. fa.* excepted.

JOHN T. GLENN, for plaintiff in error, cited 8 Ohio, 499 ; 16 *Ga.*, 119 ; 38 *Ib.*, 579 ; 53 *Ib.*, 96 ; 25 Ala., 300 ; 30 *Ib.*, 382 ; 31 Iowa, 80 ; 33 Miss., 653 ; 4 Gill. & J., 407 ; 4 Hill, 522 ; Freeman on Judg'ts, §§174, 175, and cases cited.

GEORGE T. FRY ; A. C. KING, for defendants, cited Code, §§4180, 3379, 3753, 1783 ; 48 *Ga.*, 452 ; 25 *Ib.*, 557 ; 17 *Ib.*, 223 ; 5 *Ib.*, 251, 309 ; 32 *Ib.*, 341 ; 11 *Ib.*, 20, 645 ; 8 *Ib.*, 83, 95 ; 52 *Ib.*, 389 ; 13 *Ib.*, 24 ; 40 *Ib.*, 181 ; 57 *Ib.*, 207 ; 48 *Ib.*, 30 ; 56 *Ib.*, 570, 150 ; 34 *Ib.*, 253 ; 53 *Ib.*,

285 ; 55 *Ib.*, 601 ; 60 *Ib.*, 462 ; Story's Eq. Pl'gs, §§72, 207, 149, 215 ; Dan. Ch. P.rac., p. 308 ; 4 L. & E. Rep., 55 ; Freeman on Judgments, §§162, 171, 185, 189 ; 33 Iowa, 60, 100 ; 48 Miss., 101 ; 5 Heisk., 271 ; 1 B. R., 431 ; Adams' Eq., pp. 319, 320.

BLECKLEY, Justice.

If Tucker, the creditor, had levied upon the property as the property of Zimmerman, the debtor, in the first instance, Plumb as trustee might have interposed a claim without making Mrs. Zimmerman and her son parties. The verdict rendered on the trial of such a claim, would have bound the trust, as well as the creditor. Instead of attacking the trust title by levy, and thus bringing on the issue by means of levy and claim, the creditor filed a bill, assailing the trust deed as fraudulent and void in so far as it operated against him as a creditor of Zimmerman, the creator of the trust. Why would not the trustee be as competent to represent the beneficiaries in trying this question on a bill in equity, as in trying the very same question in a claim case at law? When a deed is attacked as fraudulent and sought to be set aside, why should parties to the bill be necessary, other than the direct parties to the deed? The parties to the deed were Zimmerman, of the one part, and Plumb, as trustee, of the other part.

The parties to a deed commit a fraud for the benefit of third persons, and the legal title to the fruits of the fraud is put by one party to the deed into the other party, and there it still is, why should those whose benefit was intended, but who took no part in the fraud, be made parties to a bill which attacks the fraud and aims to set it aside? The trustee holds for them and represents them. Certainly he could sue a stranger for the property without making the beneficiaries parties. Why, then, cannot strangers sue him for it? The right asserted in opposition to the trustee does not arise under the trust deed, but is prior to it and superior to it.

Judgment reversed.