ZIMMERMAN *et al. vs.* TUCKER.

1. When a decree has been rendered against certain realty held in trust, declaring it to be subject to pay a given debt contracted by a former owner who created the trust, and declaring a lien upon the specific property to satisfy the decree, and the trustee was a party to the bill and had his day in court, the beneficiaries of the trust cannot arrest the sale by interposing a claim.   They have no more right to obstruct the execution of the decree in that mere statutory method, than has the trustee who represented them as a party before the court when the decree was rendered.

2. One who is not properly in court as a claimant, cannot rest equitable or other pleadings on his claim case, and by that means carry on an attack against the validity or the *bona fides* of the plaintiff's judgment.

Trust.   Judgments.   Claim.   Before H. K. McCay, Esq., Judge *pro hac vice.*   Fulton Superior Court.   April Term, 1879.

Numerous issues were made upon the trial of this case which, in view of the decision rendered, have become entirely irrelevant.   The following facts are sufficient to an understanding of the decision :

Tucker filed a bill against Plumb, as trustee for Mrs.

Zimmerman and her son George, to subject certain trust property to the payment of a debt held by him against the firm of Zimmerman & Verdery, the senior member of which was the grantor to the trustee, and the husband and father of complainants. The grounds of attack upon the trust deed were mainly that it was subsequent to the creation of the debt, that the grantor was insolvent at the time of its execution, and that its consideration was purely voluntary. A verdict was rendered subjecting the property, a decree entered in accordance therewith, and execution issued and was levied. The *cestui que trusts* claimed, and upon the first trial of the issue thus formed the court held that as the *cestui que trusts* were not parties to the aforesaid bill, they were not bound by the decree, and the validity of their title under the trust deed was an open question ; that the failure to make them parties could not be remedied by parol proof that Mrs. Zimmerman assisted in the defense of the bill, employed counsel, and finally consented to the decree which was rendered, more especially as Mrs. Z. was, and still is, a married woman.

This ruling resulted in a dismissal of the levy, and Tucker excepted. A reversal was had, on review, the supreme court holding that in the litigation arising upon such bill the *cestui que trusts* were represented by the trustee, were not themselves necessary parties, and were bound by the decree. See 61 *Ga.*, 599.

Claimants then filed an equitable plea attacking the above mentioned decree upon numerous grounds. Upon the trial the court ruled and charged that they could not accomplish by such a proceeding that which the trustee was estopped to attempt ; that he had had his day in court, and was absolutely bound by the decree, and that in his fall, through an adverse verdict, the present claimants, whom he represented, fell also.

To the rulings of the court which resulted from this view of the law, claimants excepted.

GEO. T. FRY; E. N. BROYLES; A. C. KING, for plaintiffs in error.

JOHN T. GLENN, for defendant.

BLECKLEY, Justice.

1. The claimants derive their title, and their only title, through the very deed of trust which was litigated and decreed upon in the equity cause. In that litigation they were, as we have held in 61 *Ga.*, 599, represented by their trustee. The decree rendered against the trustee declared a lien upon the specific property in controversy for a certain sum of money, and it is the enforcement of that lien by a sale under the decree which is attempted by the creditor (the plaintiff in the decree), and which the claimants, the beneficiaries of the trust, resist by claim. The statutory remedy of claim (Code, §3725) is not given to any person who is a party to the execution under which the levy is made. It is clear, therefore, that the trustee, as such, could not arrest a sale under this decree by the interposition of a claim, and if he could not do it, we see not how those he represented when the decree was rendered can do it. They are as much bound by the decree as he is, if there was no fraud or collusion, and certainly fraud or collusion will not be presumed. The identical title which he failed upon is the one which they assert, and the decree was a direct adjudication upon the subordination of that title to the lien which the decree established and declared. In equity they were heard through their trustee, and the result of that hearing was that the property was adjudged subject to the creditor's debt; they now seek, whilst the decree stands in full force, to prevent a sale of the property under the decree by interposing a claim founded on the trust title. The claim laws, as we construe them, make no provision for any such proceeding.

2. It was a part of the ruling in 61 *Ga.*, 599, *supra*, that

the decree is subject to be impeached for fraud or collusion, but it does not follow that a standing in court for this purpose can be obtained by interposing an ordinary statutory claim. Could a defendant in *fi. fa.* claim the property levied upon, in the statutory method, and from his position as claimant commence and carry on an attack against the judgment as fraudulent and void? Surely not. When the present claim was interposed, the decree stood open and unimpeached, and was, *prima facie*, as binding upon these claimants, so far as this property is concerned, as is an ordinary judgment upon the defendant. This being so, they could not and did not properly enter court by means of their claim, and having thus no valid claim case, they could not engraft upon it any equitable or other pleadings by which to test the *bona fides* of the decree. Claim is a substitute for other due process of law only where the claim laws can be applied to inaugurate the proceeding. Once in court according to these laws, the claimant can raise issues, legal or equitable, to maintain his standing; but if he comes by claim when he ought to come by process proper, he has no right to remain and build, however abundant may be his building materials.

Judgment affirmed.