WEGMAN PIANO COMPANY *v.* IRVINE *et al.*

1. A homestead estate is in the nature of a trust estate of which the head of the family is the trustee; and a judgment rendered in a suit brought against the head of the family as such, seeking to subject the homestead estate to the payment of a debt alleged to belong to the class of debts for the payment of which the homestead could be rendered liable, will be binding upon the beneficiaries of the homestead, although they are not parties to the action.
2. In a suit of the character above described, where under the pleadings the effect of a judgment in favor of the plaintiff is to hold that the debt upon which the proceeding was founded was one for which the homestead was liable, the judgment upon this question is conclusive against the beneficiaries of the homestead as well as the head of the family.

Argued February 17, — Decided March 17, 1899.

Injunction. Before Judge Felton. Bibb superior court. August 15, 1898.

*Dasher, Park & Gerdine*, for plaintiff in error.
*H. F. Strohecker*, contra.

COBB, J. The Wegman Piano Company brought suit in the city court of Macon against E. D. Irvine, alleging in its petition that on the 15th day of October, 1883, Irvine had set apart to him, as the head of a family consisting of his mother and infant brother, an exemption of personalty ; that the proceeds arising from a sale of the exempted property were invested by Irvine as head of a family in a certain stock of

pianos, organs, and other musical instruments and supplies; that he carries on a mercantile business with the stock of goods so purchased and added to from time to time under the name of "The Georgia Music House, E. D. Irvine, Agt."; that in the course of business he became indebted to petitioner in the sum of $437.11, besides interest, evidenced by eight promissory notes signed by E. D. Irvine, Agent; that the notes were given for the purchase of a number of pianos from petitioner, which were disposed of by Irvine in due course of business; that repeated demands have been made upon Irvine as the head of a family to pay the indebtedness, but he refuses to pay the same; and that he is insolvent. The prayer of the petition was, that the exempted property might be subjected to the payment of the indebtedness due petitioner. No defense having been filed to this suit, judgment was rendered against the defendant as "the head of a family" for the amount sued for, it being declared therein "that the homestead estate" was liable for the debt sued on, and that the judgment was "a lien upon the stock of pianos, organs, and musical goods in the stock of the 'Georgia Music House,' E. D. Irvine, Agt., said stock being the property claimed by said E. D. Irvine as a head of a family under an exemption of personalty." The judgment concluded with these words: "The sums for which judgment are hereby given to be levied of said above-described exempt property. This March 6, 1897." Upon this judgment a fi. fa. was issued against "E. D. Irvine, head of a family," and was directed to be levied especially of "the stock of pianos, organs, and musical goods in the stock of the Georgia Music House, E. D. Irvine, Agt." On June 11, 1898, the defendant made a motion to set aside the judgment, upon the following grounds: "(1) Because the pleadings do not make out such a case as would authorize the court to render the judgment had. (2) Because the judgment finds the homestead subject to the debt, and makes the judgment a lien on the homestead, when the pleadings show that the debt sued on was not such a debt as the homestead was liable for, under the constitution and laws of Georgia. (3) Because the pleadings do not show that the money arising from the sale of the articles bought from plain-

tiffs, and for which the notes sued on were given, ever went into the homestead property or became a part of the homestead and was at the time of the suit a part of the homestead or had in any way actually benefited the homestead estate. (4) Because there is no way by which the homestead estate can be subjected by common law or statute law proceedings to any debt contracted by the head of a family. (5) Because the declaration in the suit wherein the judgment complained of was rendered failed to set out the beneficiaries of the homestead ; at the time of said suit said movant having a wife and three minor children who are beneficiaries." On June 18, 1898, after notice to the plaintiff and a hearing on the motion, the same was overruled. No exception was taken to the order overruling this motion. On August 1, 1898, Sallie C. Irvine in behalf of herself and her minor children presented a petition to the judge of the superior court, in substance alleging: Petitioner is the wife of E. D. Irvine, having intermarried with him on January 10, 1887, and there are now living five minor children as the issue of this marriage. The petition alleges the facts which have been hereinbefore set out, as to the exemption having been set apart to her husband as the head of a family consisting of his mother and infant brother, as to the suit by the Wegman Piano Company, and the result of that suit. It is alleged that petitioner and her children are the beneficiaries of the homestead estate; and that the execution issued in the suit in the city court above referred to has been levied upon the homestead estate, and the same will be sold unless the sale is enjoined by the court. Also, that the declaration in the suit against E. D. Irvine, Agt., does not make out a case wherein the homestead estate is liable; that it fails to set out the names of the cestuis que trust, and fails to describe any specific property which is liable for the debt sued on; and that the court rendering the judgment was without jurisdiction. It is further alleged that two of the notes sued on had been paid before suit was brought, but never surrendered, and that all of the judgment and execution, except about $15, and the amount of the two notes above alluded to, has been paid by Irvine since the judgment. Waiving discovery, peti-

tioner prays that the execution be perpetually enjoined from proceeding against the homestead estate; that the judgment be declared null and void; and that the execution be credited with the amount of the two notes paid before the suit was brought and wrongfully included in said suit. To this petition the defendant filed a demurrer and an answer. Upon the hearing the judge enjoined the execution from proceeding against the homestead property. To this ruling the Wegman Piano Company excepted.

The suit by the Wegman Piano Company against Irvine was an effort to render the homestead estate liable for a debt on which, it was claimed in the petition, the law authorized a judgment condemning the homestead property. It was evidently the intention of the pleader to bring a suit under the provisions of section 3202 et seq. of the Civil Code, declaring the way in which suits against trust estates should be brought. The failure to set out the names of all the beneficiaries, and the informal way in which the property of the homestead estate was described, are defects which would be amendable before, and which would be cured by, a judgment in the case. Civil Code, § 5365; *Artope* v. *Barker*, 74 *Ga*. 462. Especially is this true where the judgment sets up a special lien upon the property and the same is described therein with sufficient certainty to enable the levying officer to locate and seize it. When judgment was rendered in the case, the court had before it a petition alleging that there was a homestead estate, some of the beneficiaries being named, and a claim that under the law the homestead estate could be charged with the payment of plaintiff's debt. In order for the court to render a judgment in favor of the plaintiff in such a case, it was necessary that it should decide, not only that there was a homestead estate, but that the debt of the plaintiff belonged to that class of debts which the law authorized to be enforced by judgment against estates of this character. Such being the case, if the court had before it a person authorized by law to represent the homestead estate, the judgment would be conclusive upon all questions which were necessarily to be determined in order to render the judgment. Irvine, the head of the family, had an oppor-

tunity to be heard before the judgment was rendered.  He has been heard since the judgment was rendered, on a motion to set the same aside.  The question presented is, whether the beneficiaries of the homestead can be heard now to impeach this judgment which was rendered against the head of the family of which they are members, and who was the owner of the property out of which the homestead estate was carved.  If Irvine represented the beneficiaries, the judgment is binding upon them.  If he did not, the levy of the execution upon the homestead was properly enjoined.  In the case of *Willingham* v. *Maynard*, 59 *Ga.* 330, it was held, that "The title to land set apart as a homestead is for the use and benefit of the family, and is in the nature of a trust estate, the mere legal title being in the head of the family as trustee or agent."  In the case of *Shattles* v. *Melton*, 65 *Ga.* 464, it was held, that the head of a family was a proper party to sue for the recovery of a homestead under the act of 1876, and that a bill filed in the name of the beneficiaries, which failed to allege any reason why the head of the family was not a party complainant, was demurrable.  In the case of *Brady* v. *Brady*, 67 *Ga.* 368, it was held, that it was more regular for the husband as the head of the family to interpose a claim to a levy on the homestead seeking to subject the same to his debt, but that the wife had such an interest that a claim by her would not be dismissed.  In *Barfield* v. *Jefferson*, 84 *Ga.* 609, it was ruled, that, "Where land was sold in April, 1883, and in the next December the vendor, as head of a family, applied for and had set apart to him a homestead therein, and in 1885 the vendee brought complaint for the land, which action was defended by the vendor with pleas of not guilty and usury in his deed, he represented not only his own interest in the legal title but also that of his family in the use, and the judgment rendered bound his family as well as himself."  Justice Simmons in the opinion uses this language: "Barfield sold the land to Jefferson in April, 1883, and the homestead was granted to him as head of a family in December, 1883.  In 1885 Jefferson brought his action against Barfield to recover the land, and succeeded.  At the time this action was commenced, and during its pendency, if Barfield's

homestead was valid, he held the land as head of his family and represented them. If the homestead was valid, the legal title was in Barfield and the use in his family, and when the ejectment was brought against him to recover the land and he defended the same by filing his pleas, he represented not only his interest in the legal title to the land, but the interest of his family in the use thereof; and the judgment against him in that suit was, in our opinion, under the facts of this case, not only binding upon him, but binding upon his family also. His family claimed under him, and judgments bind not only parties to the suit, ·but all who claim under them." These authorities show that the law of this State recognizes the head of a family as the representative of the beneficiaries; and when a judgment is rendered against him in a suit relating to the homestead property, if he is bound, the beneficiaries are also bound. As Irvine is undoubtedly bound by the judgment rendered in the original suit, as well as by the judgment rendered in the motion to set it aside, his wife and minor children, if they are beneficiaries of this homestead, are alike concluded, and the injunction should not have been granted at their instance. See in this connection *Sanders* v. *Houston Guano Cb.*, ante, 50. Whether the wife and children of Irvine are beneficiaries of the homestead set apart to him as the head of a family consisting of his mother and infant brother is not necessary to be decided, under the view we take of the present case ; but see in this connection *Dismuke* v. *Eady*, 80 *Ga.* 289.

*Judgment reversed. All the Justices concurring.*