### PURVIS *v.* RASTE.

LUMPKIN, J. 1. There was no error in overruling the motion to continue or to postpone the case for the purpose of obtaining process in order to compel a female witness to appear and testify in person because, as it was contended, she had not answered one of certain interrogatories propounded to her.

2. Under the issues involved in this case, there was no error in refusing to allow a witness, who had stated that he was unable to tell whether a person to whom the plaintiff had executed a deed was insolvent at the time when such conveyance was executed, to answer the question, "Well, shortly after that?"

3. The provision of the Civil Code (1910), § 5858, par. 1, to the effect that the opposite party in a suit instituted or defended by an indorsee, assignee, or transferee of a deceased person shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with such person, refers only to the immediate indorsee, assignee, or transferee of the deceased person. *Castleberry* v. *Parrish,* 135 *Ga.* 527 (69 S. E. 817).

(*a*) Where a plaintiff alleged that he had made a deed conveying land to another, who had conveyed it to a third person, who had in turn conveyed it to still another person, and the plaintiff attacked these deeds and sought to recover the land from the last grantee and to have the deed made to her canceled, but did not make the first grantee, or any legal representative of him, a party, and did not make the second grantee a party, although he prayed the cancellation of the first deed, this did not render the plaintiff an incompetent witness to testify as to transactions between him and the first grantee.

(*b*) The prayer to have the first deed canceled, without making the grantee therein, or any legal representative of him, a party, did not change

the ruling above made. There was no demurrer to the petition for want of proper parties.

4. Under the issues and facts in this case, it was error to permit the defendant to testify as follows: "When Mr. Purvis brought the deed home, he told me he had bought Robert's place; and he says, 'If you outlive me I want you to have this for a home.' "

5. If a purchaser of real estate with notice of an existing equity sells to one who purchases bona fide, for value, and without notice, the latter will be protected; or if a purchaser bona fide, for value, and without notice of such equity, sells to one with notice, the latter will be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value. Civil Code (1910), § 4535. The charge of the court on this subject was inaccurate, especially in placing upon the plaintiff the burden of showing that the defendant and also her predecessor in title took with notice, without reference to whether they were purchasers for value.

6. The charge complained of in the twelfth ground of the amended motion for a new trial was not subject to the criticisms made upon it. If a more complete statement of the rule that notice to an agent is notice to the principal was desired, a request for such a charge should have been made.

7. It can not be held that the verdict was demanded by the evidence, and that an affirmance will result in spite of errors in the charge. The defendant in the court below not having raised the question of want of necessary parties in any proper manner, the judgment will not be affirmed because of the absence of such parties necessary at least for the obtaining of a part of the relief prayed by the plaintiff.

(a) In *Lane* v. *Newton*, 140 *Ga.* 415 (78 S. E. 1082), the question of the absence of necessary parties was raised in the trial court, and an effort to excuse the making of an administrator a party, by alleging that there was no such administrator, was met by a denial in the answer, and a naming of the administrator. There was no proof that there was no administration, but a decree of cancellation of a deed made by the intestate was obtained. The judgment was reversed. In *Palmer* v. *Inman*, 122 *Ga.* 226 (50 S. E. 86), and *Paulk* v. *Ensign-Oskamp Co.*, 123 *Ga.* 467 (51 S. E. 344), an application to remove a cause from the State court to the Federal court was involved, and the question was entirely different from that in the present case.

*Judgment reversed. All the Justices concur.*

Augusт 10, 1915.

Equitable petition. Before Judge Sheppard. Tattnall superior court. May 23, 1914.

*Way & Burkhalter,* for plaintiff.

*Hines & Jordan* and *H. H. Elders,* for defendant.