WATERS *v.* DURRENCE.

No. 10894.   OCTOBER 19, 1935.

360

W. T. *Burkhalter,* for plaintiffs.

HUTCHESON, Justice.  ■  Where a year's support is set apart to a widow and minor children, and there is no affirmative proof that legal citation was not published, the presumption is that the law was complied with as to such citation. *Winn* v. *Lunsford,* 130 *Ga.* 436 (61 S. E. 9).

■ It will be noted from the return of the appraisers in the foregoing statement of facts that the appraisers set apart "51 acres of land," but also that they stated in the return that they were setting apart "the entire estate," and the defendant testified that the 151-acre tract was all the land owned by the intestate at the time of his death.  If the judgment purports to set apart all of the lands of the deceased, parol evidence is admissible to show what lands were owned by the deceased. *McSwain* v. *Ricketson,* 129 *Ga.* 176, 179 (58 S. E. 655) ; *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949). "When a report of appraisers to set apart a year's support shows that they appraised the entire estate of the

decedent and designated the whole of it as the year's support to be allowed, failure to minutely describe [or an erroneous description] in the report the realty belonging to the estate does not render the proceeding void." *Moore* v. *Moore,* 126 *Ga.* 735 (2 *a*) (55 S. E. 950); *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (37 S. E. 767).

■ The land in question could not be legally partitioned, because the widow has the right to possession and control of the same during her life. Where the allowance of a year's support is set apart in land to a widow and her minor children, it is not subject to partition so long as there is either a widow or minor child to be supported. *Whitt* v. *Ketchum,* 84 *Ga.* 128 (10 S. E. 503).

■ The conclusion arrived at by the auditor, so far as adverse to the plaintiffs, was correct, and the judge did not err in making it the judgment of the court.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*