### 27293. CHAPMAN v. CHAPMAN.

DECIDED MARCH 4, 1939.

*R. W. Marlin,* for plaintiff in error.

MacIntyre, J. A verdict and judgment were rendered in favor of the defendant in the court below. Thereafter, on the same day, a motion for new trial was filed and service was acknowledged by the attorney of record for the defendant on that date. On

August 13, 1938, the judge overruled the motion for new trial. On August 29, 1938, the bill of exceptions was presented, it was duly certified September 2, 1938, and on September 9, the attorney of record for the defendant acknowledged due and legal service of the bill of exceptions, waived copy, notice, time, process, and all and further notice. The bill of exceptions was filed in this court on September 22, 1938, and up to this point the record did not disclose affirmatively or otherwise the death of the defendant in the court below, or that any of the parties or the court knew of the same. However, on November 12, 1938, the attorney of record for the defendant in the court below filed a motion in this court to dismiss the bill of exceptions on the ground that Mrs. G. D. Chapman, the defendant in the court below and the defendant in error in this court, had died between the time the verdict and judgment were rendered (they being in her favor) and the time of the hearing of the motion for new trial, and had never been made a party to the proceeding. This motion to dismiss was served on the plaintiff in error on November 11, 1938. On November 12, 1938, a motion was made in this court by the plaintiff in error to make the defendant's temporary administrator a party defendant in error here, and attached to his motion was a voluntary consent by the temporary administrator to become a party, and he (the temporary administrator) waived notice, time, place, process, copy and all other and further notice. Thus the record is on its face entirely regular until November 12, 1938, when the motion to dismiss was filed in this court on account of the death of the defendant in the court below two days prior to the hearing of the motion for new trial. The bill of exceptions recites that the plaintiff in the court below is the plaintiff in error in this court, naming him, and that the defendant in the court below is the defendant in error in this court naming her. "Necessary defendants to a bill of exceptions, who have not been served, may appear by themselves, or counsel appearing of record, or whose representation is not contested, acknowledge service and consent for the case to proceed." *Craig* v. *Webb,* 70 *Ga.* 188; *Clark* v. *Pigeon Roost Mining Co.,* 29 *Ga.* 29; *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551, 557 (36 S. E. 859); Code, §§ 6-911, 6-1201. "The death of a party to a case pending in this court [Court of Appeals] may be suggested by counsel for either side at any time in open court. . . The legal representative of

the deceased party may voluntarily become a party to the case at any time. . . A temporary administrator will be regarded in this court as a competent party." Code, § 24-3641..

"Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time." 22 C. J. 86, § 28. The defendant having been proved to be in life at the time of the verdict and judgment, there is a presumption within logical and legal limits, until the contrary be shown, that he still lives on the date of the overruling of the motion for new trial. In the instant case, the record indicates that the court and all of its officers and the attorneys for both parties were acting on the presumption that the defendant was still living, and it so happened that everything that was done by the court at the hearing of the motion for new trial was done in favor of the deceased defendant, for the court overruled the motion for new trial. The overruling of the motion certainly did not harm the defendant, and when the matter of the defendant's death was first called to this court's attention, steps were taken to preserve the rights of the defendant and a temporary administrator was appointed for her estate, and, thereupon, the temporary administrator asked that he be made a party as such administrator and that the case proceed and that it be tried upon its merits in this court, probably realizing that all that had been done since the unknown death of the defendant was in her favor, and that it would be useless and expensive to the defendant to have the court retrace its steps if it could or should do so. If the action of the court while in ignorance of the defendant's death had been hurtful, and the temporary administrator of the deceased had refused to waive anything, a different question might be presented.

In *Felker* v. *Still*, 158 *Ga.* 343 (123 S. E. 303), the record discloses that Carter, the executor of W. L. Boss, died and that the court allowed an amendment that "J. T. Still administrator de bonis non with will annexed of W. L. Boss estate be and he is hereby made party plaintiff in this case that the same proceed in his name as plaintiff herein," all of which happened before verdict and judgment. Thus, the executor Carter, who originally brought the suit, died before the verdict and judgment were rendered, and when the petition was amended so that J. T. Still, the administrator, was made the party plaintiff in the case, the case proceeded in

his name, and by allowing the amendment Carter was in effect stricken from the case by action of the court itself and was no longer a party, and when the plaintiff in error undertook to carry the case up by specifically naming Carter as the only defendant in error the case was dismissed in the Supreme Court on motion, which seems to us proper in view of the fact that the court had in effect adjudicated, before the suing out of the bill of exceptions, by allowing the amendment, that there was no such person as Carter, and that Carter was dead and was no longer a party. Thus it affirmatively appeared from the record that at the time the bill of exceptions was sued out there was no party defendant in .error. In *Orr* v. *Webb*, 112 *Ga.* 806 (5) (38 S. E. 98), which is the case upon which the Supreme Court relied as authority for the *Felker* case, supra, the opinion itself states that "it affirmatively appears that before the trial took place in the court below he had died and his name was accordingly stricken from the plaintiff's petition."

Thus the court itself had ruled that the defendant in error was no longer a party to the case, because he was dead and his administrator had been made a party in his stead, and when the court had found that he was no longer a party to the case, this foreclosed the matter unless reviewed or reversed. Whereas, in the instant case, no such question was presented to the court below, nor was any such question in any way adjudicated prior to the suing out of the bill of exceptions, and the question as to whether or not the defendant in error is living or dead is for the first time presented to a court, this court, for an adjudication as to whether or not the record can be so amended as to allow the case to proceed in the name of W. V. Chapman, temporary administrator of the deceased. We think the record clearly shows who were the parties to the litigation in the court below. The defendant had not been stricken as a party, for it does not affirmatively appear that the court knew or that any one whose duty it was to inform the court knew of her death. She was presumed to be still alive, and if living she was the only proper party defendant in this court who was interested in sustaining the judgment in the court below, and, if dead, her administrator was the only proper party interested in sustaining the judgment in the court below. The writ of error will not be dismissed under the facts in the instant case because the bill of exceptions set forth the name of the only defendant appearing as such

in the record of the court below, when, at the time of the suing out of the bill of exceptions, this defendant was presumed to be alive and nothing affirmatively appears to rebut this presumption. *Greenwood* v. *Greenwood,* 44 *Ga. App.* 847 (163 S. E. 317); *Sheboygan Machine Co.* v. *Brooks Oil Co.,* 174 *Ga.* 786 (164 S. E. 182); *Purvis* v. *Raste,* 144 *Ga.* 16 (85 S. E. 1012); *McMillan* v. *Spencer,* 162 *Ga.* 659 (134 S. E. 921); *Izlar* v. *Central of Ga. Ry. Co.,* 162 *Ga.* 558 (134 S. E. 315); *Henson* v. *Federal Land Bank of Columbia,* 162 *Ga.* 839 (134 S. E. 923); *Bosworth* v. *Hightower,* 73 *Ga.* 46.

The return of the appraisers to set apart a year's support, as approved by the ordinary, set apart, among other things, two certain parcels of land and recited: "The above-described real estate being all the real estate owned by G. D. Chapman, at the time of his death." One of these parcels of land was more particularly described as "fifty-six acres of land in the northwest corner of lot No. 248 in the 20th district of Harris County, Georgia, more fully described in deed from W. H. Grant to G. D. Chapman, recorded in office of clerk of Harris superior court on October 13, 1915, in deed book Z, page 254 [354], $224.00." The plaintiff in error objected to the evidence as to the value of this tract of land on the ground that it would be "evidence based upon facts that were based upon the report of the appraisers attempting to describe land so set aside as a year's support which was insufficient, indefinite, uncertain, and void, the same not coming up to the legal requisite of the law as to the sufficiency of the description relating to land made in the report of the appraisers in setting aside a year's support for a widow. That the law requires said description of the land to be definite, certain, and fixed. The sufficiency of said description must be equal to that required in a deed," and that no plat was attached as required by law. The Supreme Court, in *Willcox* v. *Beechwood Band Mill Co.,* 166 *Ga.* 367 (143 S. E. 405), having held that "The provision of the act of 1918, amendatory of section 4043 of the Code of 1910 (Acts 1918, p. 122), that the appraisers appointed to set apart a year's support shall make a full and accurate description of the land so set apart, does not make provision for 'a careful plat' madatory where a plat is not essential to a full and accurate description. For this reason the provision for a plat is merely directory in its nature, and substantial com-

pliance with the requirement as a whole may be effected by a complete and accurate description," and in *Waters* v. *Durrence,* 181 *Ga.* 359 (182 S. E. 186), having held that "if the judgment purports to set apart all of the lands of the deceased, parol evidence is admissible to show what lands were owned by the deceased," we do not think there is any merit in this ground. This objection goes merely to the sufficiency of the description of the land as set forth in the report of the appraisers, and does not raise the question whether this description was proved as set forth.

The objection to the evidence tending to prove the value of all of the property set apart as a year's support was on the ground that "opposing counsel was questioning witness about an instrument that had not been introduced into evidence, and said instrument was void for the reason that the description of the land in said instrument was indefinite, uncertain, and insufficient in law, and for the other reason that no plat was accompanying said report of appraisers of the property as is required by law." This objection was "in block" to the description of all of the different parcels of land in the report of the appraisers, therefore if any of the parcels of land in the report of the appraisers was sufficiently described the objection was without merit, and having held in the preceding division of this opinion that one of the descriptions of the parcels of the property was sufficient, it therefore follows that there is no merit in this ground.

Another ground states that "counsel for the plaintiff stated they expected to show by the witness that the father, prior to his death, had instructed this son, that he had some $750 in the bank, and that at the time of his death that money had not been disposed of and the presumption is that the widow has it." The plaintiff in error contends that the court erred in not allowing him "to show this evidence to the court and jury in order to sustain his attack on the report of the appraisers." If the father had $750 in the bank at the time of his death there is no presumption that the widow has it, but the presumption is that the bank has it unless it is shown that it was drawn out by some person legally authorized so to do. The return of the appraisers did not set apart the $750 to the widow as a year's support, or as a part thereof, and there is no proof or intimation that she ever had any legal authority to draw it out. If the money was still in the bank, it belonged to the

father's estate and not to the widow, and the law makes provision for its distribution among his heirs.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*