WHITFIELD *v.* MADDOX, executor, *et al.*

No. 12993.    MARCH 15, 1940.

*R. F. Chance* and *J. M. Lang,* for plaintiff.

*R. Carter Pittman, S. R. Maddox,* and *Jack B. Ray,* for defendants.

REID, Chief Justice.    Mrs. Carrie Whitfield in behalf of herself and her then minor son, Byron Whitfield, brought suit to recover from her grantee a tract of land which had been set apart to her and her three minor children as a year's support out of the estate of Albert Whitfield. She alleged that her deed to the defendant to said land was executed in consideration of a pre-existing per-

sonal obligation of her own, having no relation directly or indirectly to the support of herself or her children, and that the deed was therefore void. A verdict in favor of the defendant was returned, and judgment was entered thereon. This judgment was pleaded as res judicata to an action brought by Hubert, Carlton, and Byron Whitfield against the same defendant, to recover the same property, wherein they claimed title to said property as sole heirs at law of Albert Whitfield, and alleged that the defendant claimed the property "under some pretended right." It was alleged that for approximately twenty years Mrs. Whitfield had failed to elect to take a child's part or to have dower assigned to her out of the estate (see Code, § 31-110, par. 3, 4), and that there was no administration of said estate and no debts making administration necessary. Code, § 113-907. The plaintiffs in the latter suit were the three minor children who were beneficiaries of the year's support, although it appears that only Byron was named in the former suit brought by Mrs. Whitfield. The judge overruled a demurrer to this plea, and exception pendente lite was filed. The jury returned a verdict in favor of the defendant on the plea, and a general judgment was duly entered thereon in favor of the defendant. Since Byron Whitfield alone filed a motion for new trial and is the sole plaintiff in error in the bill of exceptions, we may consider the case as if the plea had been sustained only as to him. Upon reference to companion cases now pending in this court it in fact appears that this is what was actually done. See *Whitfield* v. *Maddox,* 189 *Ga.* 870.

After due consideration, we think that the demurrer should have been sustained and the plea stricken. "Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." *Farmer* v. *Baird, 35 Ga. App.* 208 (132 S. E. 260) ; Code, § 110-501. The former action wherein the judgment pleaded by the defendant as res judicata was rendered was one instituted by Mrs. Whitfield for herself and *in behalf of* Byron Whitfield, to recover the property now sued for, wherein it was alleged that the property had been set apart to her

and her three minor children (including Byron) as a year's support, and that a deed executed by her to the defendant was void for the reason that it was made in consideration of a pre-existing personal obligation of her own, having no relation, directly or indirectly, to the support of herself and the minor children. See *Hill v. Van Duzer*, 111 *Ga.* 867 (36 S. E. 966); *Gibbs v. Land*, 136 *Ga.* 261 (71 S. E. 136); *Anders v. First National Bank of Barnesville*, 165 *Ga.* 682 (142 S. E. 98); *Redwine v. Frizzell*, 184 *Ga.* 230, 236 (190 S. E. 789). In that action Mrs. Whitfield sought a judgment canceling her deed, and for possession of the property, based upon the title of herself and her minor child under a judgment setting it apart as a year's support. The title to property set apart as a year's support to a widow and minor children vests absolutely in the widow and children. Code, § 113-1006; *Miller v. Miller*, 105 *Ga.* 305 (31 S. E. 186). The whole title is, however, subject to the control and management of the widow for the benefit of herself and the minor children, with authority, before the act of 1937 (Ga. L. 1937, p. 861), to convey or encumber not only her title but that of the minors therein, for the purpose of obtaining support for herself and the children. *Tabb v. Collier*, 68 *Ga.* 641; *Swain v. Stewart*, 98 *Ga.* 366 (2) (25 S. E. 831); *Howard v. Pope*, 109 *Ga.* 259 (34 S. E. 301). We are not here concerned with the changes made by the act of 1937. See further, as to the respective rights of a widow and minor children to property set apart to them jointly as a year's support, *Dowdy v. Dowdy*, 187 *Ga.* 26 (199 S. E. 191); *Ferris v. Van Ingen*, 110 *Ga.* 102 (35 S. E. 347); *Watters v. Durrence*, 181 *Ga.* 359. This being true, she had the right and authority to institute legal proceedings in protection of the right and title to the property accruing to her and the minor children under the judgment of year's support; and this was the extent and purpose of the former action. *Philpot v. Ramsey*, 47 *Ga. App.* 635 (6) (171 S. E. 204). Byron Whitfield was a party to that action only because of his character as a beneficiary in the year's support. Under the allegations of her petition, the controlling and important issue was the validity of her deed to the property to the defendant, it being alleged in this connection that the same was void because the property had been set apart to her and her minor children as a year's support, and the deed thereto was made in consideration of a pre-existing personal debt.

The judgment therein in favor of the defendant adjudicated the validity of the deed; and accordingly, under the rule already stated, it concludes Byron Whitfield as to any right in the property under and by virtue of the judgment of year's support. Compare *Wegman Piano Co.* v. *Irvine,* 107 *Ga.* 65 (32 S. E. 898, 73 Am. St. R. 109); *Willingham* v. *Slade,* 112 *Ga.* 418 (37 S. E. 737); *Tucker* v. *Zimmerman,* 61 *Ga.* 599; *Zimmerman* v. *Tucker,* 64 *Ga.* 432; *Miller* v. *Butler,* 121 *Ga.* 758 (49 S. E. 754). He does not, however, assert in the present case any such right or title, but sets up a cause of action entirely different from that pleaded in the former action, *by asserting title to the property as an heir of the deceased.* The two actions involve different causes of action, and present different issues. The evidence necessary to support the present action would not have been appropriate or material in the former, and a judgment which may be rendered in the present action in favor of the plaintiff would not be inconsistent with the adjudication by the former judgment that the deed executed by Mrs. Whitfield conveyed to the defendant any right, title, or interest she and her minor children might have had in the property by virtue of a judgment setting it apart to them as a year's support. If in fact the present claim had been joined with that made in the former action, there would have been a misjoinder of causes of action. Code, § 3-110. We think that it follows from what has been said that the former judgment was not res judicata. See *McSwain* v. *Ricketson,* 129 *Ga.* 176 (2) (58 S. E. 655); *Brooking* v. *Dearmond,* 27 *Ga.* 58 (4). It is also true, under the somewhat different but related doctrine of estoppel by judgment (*Worth* v. *Carmichael,* 114 *Ga.* 699, 40 S. E. 797; *Draper* v. *Medlock,* 122 *Ga.* 234, 50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650), that as against the plaintiff no issue was actually or of necessity adjudicated by the former judgment based on a different cause of action, which is material or controlling as to the cause of action now pleaded.

*Judgment reversed. All the Justices concur.*