22007. WHITTON v. WHITTON et al.

846

*Grover C. Willis, Jr.*, for plaintiff in error.

*Foley, Chappell, Young, Hollis & Schloth, Richard Young Bradley*, contra.

ALMAND, Justice. Mrs. Gertrude E. Whitton, holder of a warranty deed from the executrix of the deceased former husband of Ruby I. Whitton, filed an action of ejectment in the fictitious form against Ruby I. Whitton and her sons, George M. Whitton and Robert W. Whitton. The defendants responded by a plea of not guilty.

The case proceeded to trial and after the jury had been sworn the defendants offered an amendment which admitted record title to the real estate to be in the plaintiff. The amendment further alleged that were it not for the matters specially thereinafter pleaded the plaintiff would be the true and lawful owner of the property in question.

The amendment alleged: that Ruby Whitton on January 14, 1946 executed a gift deed purporting to convey the property in dispute to John L. Whitton predecessor in title of the plaintiff; that the deed was recorded on January 17, 1946; that the deed was procured by the duress, coercion and undue influence of John Whitton then the husband of Ruby Whitton; that Ruby Whitton and John Whitton separated in the summer of 1946 but later reconciled their differences and on September 12, 1946, entered into a reconciliation agreement whereby they agreed to convey the property in dispute to their minor children, George and Robert, now defendants in ejectment; that Ruby and John thereafter considered and acknowleged the property to be owned by their two sons and occupied the property under and in the right of their two sons until March 26, 1947, at which time John Whitton deserted his wife and children.

The amendment further alleged that the defendant sons have

been in continuous and exclusive possession of the land in dispute since the date of the reconciliation agreement; that pursuant to the reconciliation agreement Ruby Whitton executed and delivered to her sons on November 9, 1947, a warranty deed to the premises and that the two sons have held under that warranty deed for seven years.

Upon the tendering of the amendment the plaintiff moved the court to continue the case because she had been surprised. The court denied the plaintiff's motion for a continuance and allowed the amendment. The plaintiff's request for time in which to file demurrers was allowed. General and special demurrers were filed and overruled except for one special demurrer which was sustained which required the defendants to further amend by attaching to their plea a copy of the alleged warranty deed from Ruby Whitton to her two sons. The jury returned a verdict in favor of the defendants and title was decreed in George and Robert Whitton.

Plaintiff excepts to the denial of her motion for a continuance and to the overruling of her demurrers. Plaintiff further excepts to the overruling of her motion for a new trial and to the overruling of her motion for a judgment notwithstanding the verdict.

■ Error is assigned on the refusal of the trial court to grant the plaintiff's motion for a continuance after the defendants filed their amendment to their plea of general issue. The record does not disclose that either the plaintiff under oath or her counsel in her place stated that the motion was not urged for purposes of delay as is required by *Code* § 81-1409. In the absence of such a statement an order refusing to continue the case will not be reversed. See *Gregory v. Ross*, 214 Ga. 306 (104 SE2d 452), and cases therein cited.

■ Error is assigned on the overruling of the plaintiff's general and special demurrers to the defendants' amendment to their answer. In this amendment the defendants asserted their title to the premises as being superior to the record title of the plaintiff on three grounds: (1) In 1946 the defendant Ruby Whitton executed without consideration a deed to the premises to her husband John L. Whitton as a result of fraud and duress

on the part of her husband; her husband died in 1954 and by will devised all of his property to Opel Whitton who subsequently conveyed the property to the plaintiff; (2 & 3) in 1946 the defendant Ruby Whitton and her husband agreed in writing to convey the premises to their two children George and Robert Whitton; the mother then executed a warranty deed to the two children; the two children were in the sole and exclusive possession of the premises for more than seven years prior to the death of the father and therefore the two sons held title to the premises by reason of (a) seven years' exclusive possession under a gift from their father and (b) prescriptive title by reason of seven years' adverse possession under color of title.

The issue here being who had legal title to the premises and the defendants admitting that prima facie the plaintiff had a record title to the premises, the defendants could assert one or more reasons why the plaintiff's record title was not valid against the claims of the defendants, any one of which, proved by a preponderance of the evidence, would defeat the plaintiff's asserted title. As to the defense of fraud which would render the plaintiff's title void, see *Widincamp v. Widincamp,* 135 Ga. 644 (70 SE 566), and *Bourquin v. Bourquin,* 110 Ga. 440 (35 SE 710). The allegations of the amendment are sufficient to allege exclusive possession of the two sons for seven years and create the presumption of a gift from the father to the two sons under *Code* § 48-106. See *Holt v. Anderson,* 98 Ga. 220 (25 SE 496). The allegation as to adverse possession for more than seven years by the children under color of title was sufficient to withstand a general demurrer. *Code* §§ 85-401, 85-402, 85-407; *Veal v. Robinson,* 70 Ga. 809. It was not error to overrule the general demurrer to the amendment nor was it error to overrule the special demurrers on the ground that the three defenses were duplicitous and contradictory. *Code* § 81-310.

■ We now come to the plaintiff's assignment of error on the admission of testimony over her timely objection. The trial court permitted Ruby Whitton to testify concerning the circumstances under which she executed the deed to the property in question to John Whitton on January 14, 1946. Plaintiff's objection was based on *Code* § 38-1603 (1) which provides in

pertinent part as follows: "Where any suit shall be instituted . . . by an indorsee, assignee, or transferee . . . of a deceased person, the opposite party shall not . be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased person . . ." It is plaintiff's contention that she is an "indorsee, assignee, or transferee" of John Whitton, deceased, and that Ruby Whitton, an "opposite party," should not be permitted to testify concerning the transaction involving the deed to John Whitton. This court has held that this Code section should be strictly construed. *Eley v. Reese*, 171 Ga. 212, 213 (155 SE 24). Counsel for plaintiff in error direct their argument to the question of whether or not plaintiff is an "indorsee, assignee, or transferee" of the deceased. The question must be decided adversely to the contentions of the plaintiff in error. This court has said that the words "indorsee, assignee, or transferee" refer to an *immediate* "indorsee, assignee, or transferee." *Castleberry v. Parrish*, 135 Ga. 527 (5) (69 SE 817), and *Lankford v. Holton*, 187 Ga. 94, 100 (200 SE 243). In *Purvis v. Raste*, 144 Ga. 16 (3a) (85 SE 1012), this court held that "where a plaintiff alleged that he made a deed conveying land to another, who had conveyed it to a third person, who had in turn conveyed it to still another person, and the plaintiff attacked these deeds and sought to recover the land from the last grantee and to have the deed made to her canceled, but did not make the first grantee, or any legal representative of him, a party, and did not make the second grantee a party, although he prayed the cancellation of the first deed, this did not render the plaintiff an incompetent witness to testify as to transactions between him and the first grantee." That case is controlling here. The trial judge was correct in admitting the testimony.

■ This leaves for consideration special grounds 4, 5, 6 and 7 of the amended motion for new trial.

Ground 6 of the amended motion assigns error on the trial court's charge that in order for the plaintiff as a bona fide purchaser to be protected from the claim of the defendants George and Robert Whitton the jury must find that all of the following elements exist: First, that the plaintiff purchased the property

for a valuable consideration; second, that she bought the property in good faith and; third, that she had no notice of the claim of the two sons. The trial court then charged the law on annulling a deed because of fraud. It is asserted that the charge is erroneous because (a) it shifted or placed the burden of proof upon the plaintiff after the defendants had assumed this burden and (b) it authorized the cancellation of a deed after the five-year statute had run.

Immediately preceding the portion of the charge upon which error is assigned the court charged the jury as follows: "In order for the purchaser under a deed to be protected from the ripening of a prescriptive title or to avoid cancellation of a deed for fraud, he must be a bona fide purchaser for value without notice; that is, the purchaser must have paid a valuable consideration for the property, in good faith and without notice of any fraud in the chain of title, or without notice of any adverse claim by anyone in possession of the premises.

"Adverse possession of land is notice of whatever facts would be developed by inquiry of the person in possession.

"Applied to the present case, this means that, if you find that Mrs. Ruby Whitton and George and Robert Whitton, or any of them, were in actual open possession of the property at the time Mrs. Opel Whitton claimed to acquire the title thereto, and that inquiry from the person in possession would have informed her that the possessor claimed that the title was in George and Robert Whitton, then she would be presumed to have notice or not. The same principle applies to Mrs. Gertrude Whitton as of the time of her alleged acquisition of the title.

"I charge you in regard to the defense of adverse possession relied upon by the defendants as to the question of whether or not the possessors were in possession in good faith. If at the time the prescriptive title began to run, the possessors were in good faith then the requirement of good faith has been met. It matters not that the possessors might have later become acquainted with the fact that they had made a mistake as the law in regard to their color of title; this would not defeat prescription."

No error is assigned on this portion of the charge. In light of the above quoted charge, the charge objected to is not subject to the objections interposed. Though the defense admitted the plaintiff prima facie had record title to the premises, when they introduced evidence that would authorize a finding that a deed from Ruby Whitton to John Whitton was void because of fraud and duress or that the defendant sons had been in possession of the premises under color of title for more than seven years the plaintiff could not prevail unless she showed she was a bona fide purchaser for a valuable consideration without notice of the claim of the two sons. Under the evidence the charge stated a correct principle of law. Nor was the charge erroneous in that it permitted the cancellation of a deed after the five-year statute of limitation had run. "Neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights." *Sutton v. McMillan,* 213 Ga. 90, 96 (97 SE2d 139).

Error is assigned in special ground 7 on the court's charge that by express statute the exclusive possession by a child of lands belonging originally to the father without the payment of rent for the space of seven years shall create a presumption of a gift and convey the title to the child unless there shall be evidence of a lease or a claim of dominion by the father acknowledged by the child or a disclaimer of title by the child. It is contended that this charge is unsupported by the evidence. There was evidence that the father, more than seven years prior to his death, had given the property to his two sons and that they had exclusive possession of the premises during this period. There was no evidence of a loan or a claim of dominion by the father or a disclaimer of title by the two sons.

Grounds 4 and 5 not being argued will be treated as abandoned.

5. We come now to the assignment of error on the overruling of plaintiff's motion for judgment n.o.v. and the denial of her motion for a new trial on the general grounds. We think the evidence was sufficient to support the verdict. Defendants sought to defend against plaintiff's suit in ejectment on three alternative

legal theories: (1) the deed from Ruby Whitton to John Whitton was void; (2) title by adverse possession in George and Robert Whitton; (3) the conclusive presumption of gift provided for in *Code* § 48-106. Evidence sufficient to support any one of these theories would defeat plaintiff's motion for a new trial on the general grounds. Let us then deal with the third theory since there is no question as to whether evidence might have been adduced in support of it without any special plea. The evidence was conflicting. It was sufficient to show that on September 12, 1946, John Whitton agreed in writing to convey the property which is the subject of this suit to his two sons who are defendants here; on March 16, 1947, John Whitton deserted his wife and two sons; the defendant sons have been in continuous and exclusive possession of the land in dispute since September 12, 1946. On July 2, 1954, John Whitton died. *Code* § 48-106 provides that: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or a disclaimer of title by the child." The evidence as outlined above is clearly sufficient to sustain the presumption of *Code* § 48-106. The fact that the father returned and stayed in the house for a few weeks during the seven-year period does not require a different result. There was testimony to sustain the conclusion that he returned as a guest. It is clear that if the *possession* of the child is *exclusive* the statute is satisfied even though the father lives in the house for a much longer period of time than was the case here. See *Holloway v. Hoard*, 140 Ga. 380, 385 (78 SE 928). It is also established that the possession under *Code* § 48-106 may begin during minority. *Holt v. Anderson*, 98 Ga. 220 (25 SE 496). The evidence being sufficient to sustain the presumption of gift under *Code* § 48-106 the trial judge did not err in overruling plaintiff's motion for a new trial on the general grounds.

From what has been said above it is obvious that the trial judge did not err in refusing to grant a directed verdict or a judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*