Alexandria SPRACHER, Plaintiff, v. George James
SPRACHER and O. Kraft and Son, a corporation,
Defendants.

No. K-13236.

District Court, Alaska. Third Division, Anchorage.

Sept. 29, 1958.

Russell E. Arnett, Anchorage, for plaintiff.

James K. Tallman, of Bell, Sanders & Tallman, Anchorage, for defendant George James Spracher.

John S. Mansuy, Jr., Kodiak, for defendant O. Kraft & Son.

McCARREY, District Judge.

This matter was tried by the Court without a jury and was a simple action for divorce based upon the grounds of incompatibility, coupled with a prayer, under a separate cause of action, that a conveyance made by the defendant Spracher to one O. Kraft & Sons, Inc., an Alaskan corporation, be set aside for the reason that the conveyance was made by the defendant Spracher to prevent plaintiff from collecting any support or maintenance from the defendant Spracher.

The defendant, George James Spracher, had been served through his counsel and, although notified for trial, neither

this defendant nor his counsel appeared. The defendants, O. Kraft & Sons, Inc., appeared and was represented by counsel.

In a pre-trial conference, it was stipulated as follows:

(1) That the defendant Spracher acquired title to Lot 5 in Block 33, East Addition to the Townsite of Kodiak, Alaska, U. S. Survey 2538B, by warranty deed, on February 19, 1952, and that he mortgaged the same to the Bank of Kodiak on January 30, 1953, some eight months prior to his marriage to the plaintiff, which was on August 24, 1953.

(2) That the defendant Spracher conveyed said property to the defendant O. Kraft & Sons, Inc., after the marriage of the parties, and that the plaintiff did not join in said conveyance.

(3) That the consideration for the Spracher to O. Kraft & Sons, Inc., conveyance was the discharge of the defendant Spracher's obligation or liens against the real property in the amount of $2,277.51, and the further payment to him of $1,722.49 for a total of $4,000.

(4) That the sole issue to be determined by the Court between the plaintiff and the defendant O. Kraft & Sons, Inc., was whether the property here in question was "the family home or homestead" of the parties within the meaning of 22-3-1, A.C.L.A.1949, as amended by Chapter 145, S.L.A.1953. The Court feels it can not finalize the action in this matter unless all rights before it are adjudicated regardless of the stipulation of the parties. I am of the opinion that the attorneys by their stipulation do not fully realize the effect of a homestead exemption in Alaska.

Chapter 145, S.L.A.1953 provides as follows:

"22-3-1. Manner of executing conveyances: Joinder of husband and wife. A conveyance of lands, or of any estate or interest therein, may be

made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, * * *; Provided, however, that in all deeds or conveyances of the family home or homestead made by a married man, or a married woman, the husband and wife shall join in such deeds or conveyances, subject to the following provisions:

"Said requirement that a spouse of a married person join in any deed or conveyance of the family home or homestead shall not create a proprietary right, title or interest in such spouse not otherwise vested in such spouse.

"Failure of such spouse to join in such deed or conveyance shall not affect the validity thereof, unless such spouse appears on the title, and such deed or conveyance shall be sufficient in law to convey the legal title to the premises therein described from the grantor to the grantee; Provided, however, such deed or conveyance is otherwise sufficient; and Provided further that no suit has been filed in a court of record in the judicial division in which the real estate affected by such deed or conveyance is located within one year from the date of recording of said deed or conveyance by the spouse failing to join in such deed or conveyance to have said deed or conveyance set aside, altered, * * *."

The plaintiff timely filed suit under this law.

The plaintiff testified that she began living with the defendant Spracher upon the property here in question, in 1951, which was prior to the time that the defendant Spracher obtained title to the same, supra; also, that the property was mortgaged by the defendant Spracher, with-

out her signature, to the Bank of Kodiak, prior to her marriage to the defendant, supra. The evidence further discloses that over the years the defendant Spracher became indebted to various concerns and people in the City of Kodiak for living expenses, plus costs of repairs on the premises, and that he executed a mortgage in order to pay off these creditors. The plaintiff testified that on April 6, 1956, the defendant Spracher became enraged with her and virtually hand-wrecked the home of the parties, at which time she left the premises because of its uninhabitable condition, and that she did not return to live therein until sometime in February 1957, which was at the behest of her husband. However, trouble immediately ensued and she was forced to leave the premises again.

The plaintiff admitted she knew there was a mortgage upon the premises prior to the time that she was married to the defendant, and she thought the mortgage was in the sum of $2,000.

No evidence was adduced by the plaintiff to show that she made any effort to liquidate the mortgage, despite defendant Spracher's pleading in answer to the complaint that the conveyance complained of to O. Kraft & Sons, Inc., had been made to prevent foreclosure. Plaintiff did testify that she acquired a cabin sometime prior to her moving in and living with defendant Spracher, which she said she later sold for about $200, which sum was used in part to retire the mortgage to that extent. The plaintiff failed completely to prove that the defendant O. Kraft & Sons, Inc., was a party to the fraud complained of in her complaint. Thus, based upon the record, the defendant O. Kraft & Sons, Inc., appears to be a bona fide purchaser for value of the property. Although plaintiff is in a court of equity seeking equitable relief, she has not tendered or offered to

**704** ■■■■■■■■

tender to the purchaser, O. Kraft & Sons, Inc., any reimbursement.

■ There is strong authority to the effect that a bona fide purchaser for value without actual or constructive notice of a homestead may take free of any adverse claim based upon such an interest. Willingham v. Slade, 1900, 112 Ga. 418, 37 S.E. 737; Lunt v. Neeley, 1885, 67 Iowa 97, 24 N.W. 739; National Bond & Mortgage Corp. v. Davis, Tex.Com.App., 1933, 60 S.W.2d 429; 2 Tiffany Real Property #578.

■ I find that the plaintiff is entitled to an absolute divorce from the defendant and entitled to $75.00 per month for the support of the minor child Edward James Spracher. I further find that real property; namely, Lot 5 in Block 33, East Addition to the Townsite of Kodiak, Alaska, U.S.Survey 2538B, was the " * * * family home or homestead * * *" within the meaning of 22–3–1, A.C.L.A.1949, as amended by Chapter 145, S.L.A. 1953.

■ However, Sec. 22–3–1, A.C.L.A.1949, as amended by Chapter 145, S.L.A.1953 states: " * * * requirement that a spouse or a married person join in any deed or conveyance of the family home or homestead shall not create a *proprietary right, title* or *interest* in such spouse not otherwise vested in such spouse. (Emphasis supplied.)

"Failure of such spouse to join in such deed or conveyance shall not affect the validity thereof, unless such spouse appears on the title, and such deed or conveyance shall be sufficient in law to convey the legal title to the premises therein described from the grantor to the grantee; * * *". Plaintiff has proved no proprietary right, title or interest in said property in question. Thus under the above statute the plaintiff's homestead interest is what is commonly re-

ferred to as a "worrying asset" during coverture. Thus plaintiff has a right to occupy the homestead during coverture regardless of O. Kraft & Sons, Inc., title to the property, but plaintiff obtains no right, title or interest in the property by this occupancy.

■ There is a conflict of authority as to whether a wife's homestead rights in her husband's property survive a divorce. The general rule is that they do not: 40 Corp. Jur.Sec. Homesteads Sec. 160C (1944). Under the wording of Sec. 22–3–1, A.C.L.A.1949, supra, where no right, title or interest is created in a spouse other than what was vested in that spouse already, the better rule, and the rule which I believe should be followed in this jurisdiction, is that such rights do not survive the divorce.

■■ The homestead right was created to protect the family from total loss of its abode due to judgments and executions on unsatisfied debts. It was not enacted, as it clearly states, to create any new right, title or interest other than the right of occupancy in property used as a homestead by members of the family. If the Legislature chooses to expand the homestead rights of a spouse, in order to protect their rights under factual situations similar to these, I am of the opinion that it would be in keeping with good social policy. Therefor I hold that a homestead interest under Sec. 22–3–1, A.C.L.A.1949 (supra) is not a restriction on alienation and only as it regards rights to occupancy will it be treated as such.

Counsel for the plaintiff is hereby directed to submit Findings of Fact and Conclusions of Law for the Court's signature.