**NATIONAL BANK OF ALASKA,**
Appellant,

v.

**Nancy KETZLER, Personal
Representative for Donald
Ketzler, Appellee.**

No. S–9945.

Supreme Court of Alaska.

June 6, 2003.

David J. Schmid, Law Offices of David J. Schmid, Anchorage, for Appellant.

Richard W. Wright, Fairbanks, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

Donald Ketzler executed a deed of trust in favor of the National Bank of Alaska in order to secure a loan. After Donald's death, his widow Nancy Ketzler moved to have the deed set aside. The superior court ruled in favor of Nancy under AS 34.15.010, setting aside the deed because Nancy did not join in the conveyance and because she brought an action to set the deed aside within the one-year period. National Bank of Alaska appeals the decision of the superior court. Because we uphold the superior court's interpretation of AS 34.15.010, we affirm.

## II. FACTS AND PROCEEDINGS

### A. Facts

Nancy and Donald were married in 1975. Beginning in 1976, the couple lived in a house Donald acquired from his father. The Ketzlers occupied the house as their marital residence and raised their three children there. Title to the house was solely in Donald's name. Donald executed a will in 1983 that appointed Nancy as personal representative and left her all of his estate.

On August 6, 1999 Donald executed a deed of trust on the house in favor of National Bank of Alaska (NBA) in return for a $55,000 loan. The deed contained a provision that Nancy was required to sign in order to waive

her homestead rights. The parties have stipulated that Donald forged Nancy's signature on that portion of the deed. The deed was recorded on August 12, 1999.

On August 13, 1999 Nancy received documents from NBA that informed her of the loan Donald had secured against the house. Nancy promptly notified NBA that the signature on the deed was not hers. NBA responded with a letter stating that it would consider the document purporting to waive her homestead rights invalid. NBA also contacted Donald and obtained additional security on the loan including a truck and an all-terrain vehicle. On December 25, 1999 Donald committed suicide. After Donald's death, NBA accelerated the loan, declared it to be in default, and sought to foreclose on the house.

### B. Proceedings

Nancy applied for informal probate of Donald's will. She applied for and was appointed personal representative of the estate. Nancy then filed a motion to have the deed of trust declared void and to enjoin the foreclosure, along with a motion to establish exempt property and to set a family allowance. It appears that Nancy subsequently recorded a "notice of homestead."

Oral argument was heard and a recommendation made by Standing Master Alicemary L. Closuit. Master Closuit recommended that the superior court deny Nancy's motion to have the deed declared void. Master Closuit stated that, since Nancy had no ownership interest in the house, the deed was still valid and NBA could foreclose.

The superior court rejected Master Closuit's recommendations and granted Nancy's motion to set the deed aside. The superior court noted that AS 34.15.010 [1] requires both spouses to join in a conveyance of the family home. However, the court went on to note that the statute does not automatically invalidate a deed when a spouse not appearing on the title fails to join in the conveyance. And since Nancy's name did not appear on the title of the house, the deed was not invalid on its face. Rather, the superior court determined that the deed could be set aside under AS 34.15.010(d) because Nancy filed a motion to have the deed set aside within one year of its execution. Therefore, the superior court granted Nancy's motion, and set the deed aside.

NBA appeals.

### III. STANDARD OF REVIEW

We use our independent judgment in interpreting statutes.[2] "The goal of statutory construction is to give effect to the legislature's intent, with due regard for the meaning the statutory language conveys to others."[3] In interpreting statutes, "we look to the meaning of the language, the legislative history, and the purpose of the statute in

---

1. AS 34.15.010 states:

    (a) A conveyance of land, or of an estate or interest in land, may be made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, who is of lawful age, or by the lawful agent or attorney of the person, and acknowledged or proved, and recorded as directed in this chapter, without any other act or ceremony whatever.

    (b) In a deed or conveyance of the family home or homestead by a married man or a married woman, the husband and wife shall join in the deed or conveyance.

    (c) The requirement that a spouse of a married person join in a deed or conveyance of the family home or homestead does not create a proprietary right, title, or interest in the spouse not otherwise vested in the spouse.

    (d) Failure of the spouse to join in the deed or conveyance does not affect the validity of the deed or conveyance, unless the spouse appears on the title. The deed or conveyance is

    sufficient in law to convey the legal title to the premises described in it from the grantor to the grantee when the deed or conveyance is otherwise sufficient, and

    (1) no suit is filed in a court of record in the judicial district in which the land is located within one year from the date of recording of the deed or conveyance by the spouse who failed to join in the deed or conveyance to have the deed or conveyance set aside, altered, changed, or reformed; or

    (2) the spouse whose interest in the property is affected does not record, within one year in the office of the recorder for the recording district where the property is situated, a notice of an interest in the property.

2. *Alderman v. Iditarod Props., Inc.*, 32 P.3d 373, 380 (Alaska 2001).

3. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 905 (Alaska 1987).

question." [4] We " 'adopt the rule of law that is most persuasive in light of precedent, reason, and policy.' " [5]

## IV. DISCUSSION

█ NBA argues that the superior court erred in finding that AS 34.15.010 alone allowed for the setting aside of the deed. NBA argues that AS 34.15.010(c) provides that the requirement that a spouse join in a conveyance does not give that spouse any interest in the property that the spouse did not previously have. According to NBA, AS 34.15.010(d) allows for invalidation of the deed only if the spouse that failed to join in the deed appears on the title; the statute does nothing to invalidate the deed if the spouse does not appear on the title. Consequently, NBA asserts that the deed is valid and enforceable because Nancy's name does not appear on the title.

The superior court concluded that, when a spouse does not join in the conveyance and that spouse's name appears on the title, the deed is invalid on its face under AS 34.15.010. However, when a spouse does not appear on the title, the superior court stated that the spouse must either file a notice of interest with the recording district or bring an action to set the deed aside within one year from the recording of the conveyance to invalidate the deed under AS 34.15.010(d). In order to determine whether the superior court's interpretation of AS 34.15.010 is the proper interpretation, we analyze the statute section by section.[6]

First, AS 34.15.010(b) provides that "[i]n a deed or conveyance of the family home or homestead by a married man or a married woman, the husband and wife shall join in the deed or conveyance." The statute makes no distinction between spouses whose names appear on the title and spouses whose names do not appear on the title. The statute unequivocally states that, if one spouse attempts to convey the property used as the family home, then the other spouse must, as shown by the use of the word "shall," join in the conveyance. NBA seems to agree that this is the appropriate reading of AS 34.15.010(b).

Second, AS 34.15.010(c) provides that "[t]he requirement that a spouse of a married person join in a deed or conveyance of the family home or homestead does not create a proprietary right, title, or interest in the spouse not otherwise vested in the spouse." This section supports NBA's assertion that the statute does not give Nancy any interest in the house that she did not previously have. The superior court agreed with this conclusion, stating that "[s]ubsection (c) would mean that a spouse who is not on the title would not acquire title in the property simply by joining in the other spouse's conveyance of an interest in the property." Given the language of the statute, it appears that the legislature intended to make clear that the requirement that a spouse join in the conveyance of a homestead interest would not create any proprietary right, title, or interest in that spouse.

Third, AS 34.15.010(d) provides:

Failure of the spouse to join in the deed or conveyance does not affect the validity of the deed or conveyance, unless the spouse appears on the title. The deed or conveyance is sufficient in law to convey the legal title to the premises described in it from the grantor to the grantee when the deed or conveyance is otherwise sufficient, and

(1) no suit is filed in a court of record in the judicial district in which the land is located within one year from the date of recording of the deed or conveyance by the spouse who failed to join in the deed or conveyance to have the deed or conveyance

---

**4.** *Muller v. BP Exploration (Alaska) Inc.,* 923 P.2d 783, 787 (Alaska 1996).

**5.** *Berger v. Wien Air Alaska,* 995 P.2d 240, 242 (Alaska 2000) (quoting *Williams v. Utility Equip., Inc.,* 837 P.2d 1112, 1117 (Alaska 1992)).

**6.** Our search of the legislative history uncovered nothing that assists interpretation of the statute, and the parties have not referred us to useful legislative history. The statute as originally codified in § 22–3–1 ACLA 1949 consisted of one paragraph containing the provisions now codified as AS 34.15.010(a)-(b). The legislature amended the statute in 1953 to add the text now codified as AS 34.15.010(c)-(d).

set aside, altered, changed, or reformed; or

(2) the spouse whose interest in the property is affected does not record, within one year in the office of the recorder for the recording district where the property is situated, a notice of an interest in the property.

The first sentence of this subsection means that, if a spouse who appears on the title does not join in a conveyance of the family home, the conveyance is *per se* invalid. The second sentence addresses the situation in which a non-titled spouse does not join in the conveyance: the conveyance is valid and enforceable as long as it is "otherwise sufficient," that is, it meets the requirements of subsection (a) and so long as the non-titled spouse neither files suit to set the conveyance aside within one year from the recording of the conveyance nor files a notice of interest in the property within the same period. This is the way the superior court interpreted this subsection. We agree, provided that the interest asserted within the one-year period has a source independent of the joinder requirement of AS 34.15.010(b).

NBA asserts that subsection (d) applies only to deeds in which the spouse's name appears on the title and that spouse did not join in the conveyance. The bank argues that subparts (1) and (2) of subsection (d) apply to situations in which a spouse is named on the title and does not join in the conveyance. NBA argues that in those situations, the deed or conveyance would not be *per se* invalid; rather, the spouse would still have to bring an action to set aside the conveyance or file a notice of interest in the recording district in order to have the conveyance set aside. However, as the superior court noted, this interpretation reads subsection (b) out of the statute, as the requirement that both untitled and titled spouses join in deeds would be meaningless if there was no way for untitled spouses to enforce the rights protected by that requirement by invalidating a deed.

The use of the word "unless" in subsection (d) implies that the situation in which the spouse does appear on the title and does not join in a conveyance is the situation in which the deed is automatically invalid. Therefore, the requirement of either filing a suit or recording a notice of interest applies to spouses whose names do not appear on the title. In the absence of such a reading, the blanket requirement that a spouse join in the conveyance in subsection (b) would be meaningless as there would be no consequence for a spouse not joining if that spouse does not appear on the title. Non-titled spouses can invalidate deeds and conveyances under AS 34.15.010 in the event that they follow the procedure set out in AS 34.15.010(d) and are asserting a right not created by AS 34.15.010.

NBA cites the territorial Alaska case of *Spracher v. Spracher*[7] in support of its interpretation of AS 34.15.010. *Spracher* was a divorce action in which the husband mortgaged the homestead without the wife's signature and the wife sought to set aside the conveyance.[8] The statute at issue in *Spracher* was almost identical to the statute at issue here.[9] The court held that the statute did not give the wife an interest in the property, but this holding is inapposite in this case. The wife's inability to invalidate the conveyance was based on the divorce, as the court held that her homestead rights did not survive the divorce.[10]

We agree that the statute does not give an untitled spouse an interest in property. Instead, the interest asserted must have a source independent of the statute. But our case is different from *Spracher*. Here, Nancy's interest in the property survived her husband, in fact it vested with his death.[11]

---

7. 17 Alaska 698 (D.Alaska 1958).

8. *Id.* at 702–03.

9. *Id.* at 702.

10. *Id.* at 705.

11. The territorial court's opinion that the spouse in *Spracher* had no interest that survived the divorce is not necessarily consistent with contemporary legal standards. The property in question there would be considered "marital property" under today's standards because a divorce was pending and as such would be subject to division in the divorce even though held only in the name of the husband. "Marital property" is not a species of ownership but it arguably represents a sufficient interest to receive protec-

Nancy had at least two valid interests in the property within the scope of AS 34.15.010's protection. The interest required for Nancy to challenge the deed is supplied by the probate homestead allowance [12] and her right to inherit the decedent's property (according to his valid will,[13] by exercising her right to an elective share of his estate,[14] or through the laws of intestate succession [15]). Because Donald's will left the property to Nancy, she was entitled to inherit the decedent's interest in the home. Likewise, the probate homestead exemption would have protected Nancy's interest in the home. These interests are not created by AS 34.15.010, but are precisely the type of rights that AS 34.15.010 is intended to protect. The statute protects for one year Nancy's right to inherit the property she would have been entitled to inherit in the absence of an improperly acquired deed against that property. Because invalidation of the deed would protect a right to inherit the home, Nancy has the right under AS 34.15.010 to invalidate the deed.

Because Nancy Ketzler timely took the action that the statute provides will invalidate a deed that fails to contain the signature of the untitled spouse in order to protect her right of inheritance, the superior court correctly held that the bank's deed could be invalidated and proceeded to invalidate it. Therefore, we uphold the superior court's decision to set aside the deed of trust.

## V. CONCLUSION

Because we find that the superior court properly interpreted AS 34.15.010, we AFFIRM the setting aside of the deed of trust.

BRYNER, Justice, not participating.

---

tion under the statute. This question is not presented in this case and we do not resolve it here.

**12.** AS 13.12.402.

**13.** AS 13.12.501–13.12.921.

**14.** AS 13.12.202(a).

**15.** AS 13.12.102.